PEOPLE ex rel. LINCOLN TRUST CO. v. GLYNN, Comptroller.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. TAXATION (§ 376*)—TRUST COMPANIES—FRANCHISE TAX—STATUTES.

Under Tax Law, § 187a, added to Laws 1896, p. 795, c. 908, by Laws 1901, p. 316, c. 132, § 1, as amended by Laws 1901, p. 1320, c. 535, providing that every trust company shall pay to the state annually for the privilege of exercising its franchise an annual tax of a certain amount, the average amount of capital, surplus, and undivided profits during the tax year, and not the amount of capital, surplus, and undivided profits on the day ending the tax year, is the basis of the tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 376.*]

2. TAXATION (§ 376*)—TRUST COMPANIES—FRANCHISE TAX—STATUTES.

Laws 1906, p. 1196, c. 474, § 2, amendatory of Tax Law (Laws 1896, p. 856, c. 908) § 182, providing that the corporation shall pay an annual tax in advance, does not change the rule, as it does not apply to section 187a (Laws 1901, p. 316, c. 132, as amended by Laws 1901, p. 1320, c. 535); and, even conceding that such amendment does apply to section 187a, as the method of computation was not changed thereby, the rule remains unchanged.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 376.*]

Certiorari by the People of the State of New York, on the relation of the Lincoln Trust Company, against Martin H. Glynn, Comptroller of the state of New York, to review a determination assessing a franchise tax for the year ending June 30, 1907. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Bowers & Sands (Latham G. Reed, of counsel), for relator.

Edward R. O'Malley (Edward H. Letchworth, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J. The relator has been assessed for a franchise tax for the year ending June 30, 1907, under section 187a, of the tax law (Laws 1901, p. 316, c. 132, as amended by page 1320, c. 535). The Comptroller has made the basis of this tax the average amount of capital, surplus, and undivided profits during the year preceding June 30, 1907. The relator contends that the basis of this tax must be the amount of capital, surplus, and undivided profits upon the 30th day of June, 1907. This difference presents the sole question here for determination. In People ex rel. Mutual Trust Company v. Miller, 177 N. Y. 51, 69 N. E. 124, the relator had been in existence only six days prior to June 30th. The Comptroller made a basis of his tax the amount of capital, surplus, and undivided profits upon June 30th, and taxed the full amount required by the statute. The Court of Appeals there held that, inasmuch as the relator had done business only six days within that year, it could only be assessed for six three hundred and sixty-fifths part of the tax. Judge Vann in writing for the court says:

"If a trust company does not commence business until six days before the fiscal year ends, or if it ceases to do business six days after the year begins, the tax for doing business by the year requires apportionment. While the Legislature did not so provide in express terms, it is a fair and reasonable implication from the words used that such was its intention. When by section 182 of the tax law (Laws 1896, p. 856, c. 908), it imposed an annual tax payable annually upon every corporation of a certain class, to be computed upon the basis of the amount of its capital stock employed within the state during the year, it did not say expressly that the assessment should be determined by the average amount of capital so employed, but we held that this was what was necessarily meant. *  *  *

"Section 187a does not fix the date when the capital stock, surplus, and undivided profits shall be taken, although they are variable quantities of which an average can be made for the year the same as an average of the capital stock employed by the year was used in the case of the Brooklyn Rapid Transit Company and with as much reason."

While the case cited is not an exact parallel to the case at bar, we are unable to distinguish the case at bar from the principle therein decided. There is no more reason why the year should be apportioned as to the time in which the corporation has been in existence than why the capital, surplus, and undivided profits should be averaged to ascertain the basis of taxation. It presents an equitable basis, not unfair to the corporation, which by chance upon the special date may have a larger amount of capital, surplus, and undivided profits, and not unfair to the state, if by chance upon that special date the corporation should have a lesser amount.

The relator claims that the rule is changed by section 2, c. 474, p. 1196, Laws 1906, which amends section 182 of the tax law, and provides that the corporation shall pay in advance an annual tax. But this amendment was of section 182, and did not affect section 187a, under which this tax is laid. But another answer lies in the fact that while the amendment provides that the tax shall be paid in advance, which under former decisions had been held to be a tax for preceding years, the method of computation was not changed, but the ascertainment of the tax was to be upon the capital employed during the pre-

ceding year, and would fairly be upon the average capital employed, as was held under the statute before amended.

We are of opinion, therefore, that the tax was properly assessed by the Comptroller, and that the determination should be confirmed.

Determination confirmed, with $50 costs and disbursements. All concur.