The People of the State of New York ex rel. The New York Central and Hudson River Railroad Company, Appellant, v. Charles H. Gaus, as Comptroller of the State of New York, Respondent.

**Tax — method of taxing stock of corporation which has increased its capital stock during the tax year.**

A railroad corporation increased its capital stock during the tax year. It paid during the year dividends on all its stock outstanding at the time of the dividends, which were made quarterly, at the rate of six per cent. *Held*, that the comptroller properly assessed the stock on the basis of the whole outstanding stock at the end of the tax year. *Held* further, that although six per cent was not paid upon the full amount of the stock issued during the year it was so paid on all that was outstanding when the respective dividends were declared, and hence it should have been assessed upon the theory that the whole of relator's stock was six per cent stock.

*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Gaus*, 138 App. Div. 934, modified.

(Argued November 16, 1910; decided January 3, 1911.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1910, which confirmed a determination of the defendant in assessing a franchise tax against the relator for the year ending October 31, 1908.

The facts, so far as material, are stated in the opinion.

*Thomas Emery* and *Alex. S. Lyman* for appellant. Lawful computation and assessment of tax on capital stock increased within the year preceding that for which the tax is imposed should have regard to the portion of that year during which the increase stock was outstanding and be based upon its average amount for the period of that year. (*People ex rel. N. E. L. Co.* v. *Roberts*, 25 App. Div. 16; *People ex rel. B. R. T. Co.* v. *Morgan*, 57 App. Div. 335; 168 N. Y. 672; *People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 51; *People ex rel. Rees' Sons* v. *Miller*, 90 App. Div. 591;

*People ex rel. Cohen & Co.* v. *Miller*, 94 App. Div. 564; *People ex rel. Paving Co.* v. *Knight*, 99 App. Div. 62; *People ex rel. N. Y. M. & N. T. Co.* v. *Gaus*, 134 App. Div. 742; *People ex rel. L. T. Co.* v. *Glynn*, 132 App. Div. 546.) Where a corporation has but one kind of capital stock, issues increase thereof during the year preceding that for which tax thereon is imposed, and during such year declares and pays equal quarterly dividends aggregating the rate of six per cent. per annum on the pre-existing stock for the year and on the new stock for the portion of the year during which it is out-standing, the lawful basis of tax on such increased stock is not exceeding its par value. (L. 1880, ch. 542; *Maillard* v. *Lawrence*, 16 How. [U. S.] 251; *Corning* v. *Commissioners*, 102 Fed. Rep. 57.)

*Edward R. O'Malley, Attorney-General (Edward H. Letchworth* of counsel), for respondent. The comptroller was right in refusing to average the increase stock throughout the entire year for only a portion of which it was outstanding. (*People ex rel. B. R. T. Co.* v. *Morgan*, 57 App. Div. 335; *People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 51; *People ex rel. N. Y. M. & N. T. Co.* v. *Gaus*, 134 App. Div. 742.)

CULLEN, Ch. J.   The relator's capital stock on November 1st, 1906, was $149,197,800. On the first of January follow-ing it was increased to $178,632,000, and remained at that sum until October 31st, 1907, the end of the tax year. Not all of the relator's capital was engaged within this state, but there is no question as to the correctness of the apportion-ment made by the comptroller in that respect. It is the increase of stock that has give rise to the dispute in this case. Two questions are presented: (1) The comptroller assessed the tax on the basis of the whole outstanding stock at the end of the tax year. The relator claims that as the increased stock was outstanding during only a part of the year, the assessment should have been made on the average amount of stock during the year. (2) The relator paid during the year dividends at the rate of 6% per annum on all its stock outstanding

at the time of the dividends, but as the dividends were declared quarterly, necessarily those paid on the new stock aggregated less than 6%. The comptroller held that 6% not having been paid on the new issues, the tax should be computed under section 182 of the Tax Law on the market value of the stock, a sum in excess of its par value. The relator contends that all the stock should be deemed to have received dividends amounting to 6% and the tax computed on that basis, which would result in a smaller tax than that imposed by the comptroller. This difference in result is occasioned by the fact that under the Tax Law annual dividends of 6% seem to be considered the normal return of a stock worth par. Where stock pays dividends amounting to that sum or more, the franchise tax is based on the amount of dividends, but if less than 6%, then the tax is computed on the value of the stock, and the rates of taxation prescribed by the statute are such that if computed on the basis of 6% dividends the tax is exactly the same in amount as if computed on the value of the stock at par. This leads at times to very queer results. Not only a safe 6% stock, but even a safe 5% stock, is apt to be worth more than par, and hence it is that the same corporation, when it is able to pay stockholders only 5%, may be subject to a greater tax than in a more prosperous year when it is able to pay 6%. Also as between two corporations, if both are of the highest financial standing, the 5% corporation may have to pay a greater tax than the 6% one.

As to the first question, this court held in *People ex rel. Mutual Trust Co.* v. *Miller* (177 N. Y. 51), where the relator began business a few days before the end of the tax year, that it was only the average outstanding stock during the year which was to be taken as the basis of the tax. In that case we treated the franchise tax as an exaction for the privilege afforded to the corporation for the past year. After our decision, however, the legislature amended section 182 of the Tax Law so as to provide that the tax should be paid in advance. The amendment changed the character of the tax as to corporations embraced within that section, from a pay

ment for past privileges already enjoyed to a payment for privilege to be enjoyed in the following year. Trust companies are not taxed under section 182, but under section 187a. While the tax in each case is a franchise tax and so regarded in law, there is a very marked distinction between the two. The tax imposed on corporations generally under section 182 amounts to $1\frac{1}{2}$ mills on the capital stock of a corporation paying 6% dividends, and its payment does not exempt the corporation from local or property taxes. On the other hand, the tax on a trust company is 1%, and relieves the company from all other taxation. After the amendment of section 182, the grounds on which we placed our decision in the *Mutual Trust Co.* case became no longer applicable to corporations taxed under that section. But that amendment in no way affected corporations taxed under section 187a, where a very different tax is imposed. For this reason our decision in the *Mutual Trust Co.* case, so far as it related to trust companies, remained unaffected. Subsequently there arose the case of *People ex rel. Lincoln Trust Co.* v. *Glynn* (132 App. Div. 546), the decision in which was affirmed by this court on the opinion below in 198 N. Y. 501. In that case it was held that the method of taxation of trust companies had not been altered by the change in the law. The distinction between the two cases was clearly pointed out in the opinion of the learned Appellate Division. Seeking, however, as the ablest courts occasionally do, to add additional strength to its decision, the Appellate Division expressed some views as to the effect of the amendment upon the method of the computation of the franchise tax on corporations generally. These remarks were obiter and in adopting the opinion of the Appellate Division we did not intend to be bound by them. Indeed the Appellate Division by its decision in this very case has evinced the same disposition. It follows that the determination of the comptroller in this respect was right.

On the second question we think the comptroller erred. In his view there were two kinds of stock; the old stock on which had been paid 6%, and the increased stock on which

has been paid less than 6%, and the distinction between the two is sought to be justified by the provisions of the Tax Law. The law substantially directs that if a corporation has more than one kind of stock and on the different kinds of stocks the dividends vary, the tax should be computed for each kind of stock separately. This provision evidently contemplates the ordinary case of preferred and common stock. It has no application to a condition such as is presented here. The relator has only one kind of stock. It is all common stock, and the relator has paid at the rate of 6% on the whole of its stock that has been any time outstanding. The tax, therefore, should have been assessed on the theory that the whole of the relator's stock was 6% stock.

The determination of the comptroller and the order of the Appellate Division should be modified accordingly, without costs to either party. The order of this court is to be settled on notice by the chief judge, when, if the parties can agree on the amount, reduction can be made by the order of this court without further proceedings.

GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.