PEOPLE OF THE STATE OF NEW YORK *v.* JERSA-
WIT, TRUSTEE IN BANKRUPTCY OF AJAX
DRESS COMPANY, INC.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 352. Submitted December 3, 1923.—Decided January 7, 1924.

1. The tax laid on a domestic corporation in New York, (Tax Law, § 209,) for the privilege of exercising its franchise in the State, to

be paid annually "in advance" for the year beginning November 1st, to be computed upon the basis of the entire net income of the corporation for its fiscal, or the calendar, year preceding, is an entirety and cannot be apportioned to a fraction of the tax year which has elapsed when the corporation goes out of business. P. 495.

2. The State has a claim for the entire tax when the corporation is thrown into bankruptcy after lapse of part of the tax year. *Id.*

3. The addition of 10%, where the tax is not paid by January 1st, is a penalty, and the further addition of 1% for each month the tax remains unpaid, is not statutory interest, but part of the penalty; and neither can be allowed the State in a bankruptcy proceeding. Bankruptcy Act, § 57j. P. 496.

290 Fed. 950, reversed.

CERTIORARI to an order of the Circuit Court of Appeals which affirmed an order of the District Court, in bankruptcy, adjudicating a claim made by the State of New York for a tax.

*Mr. Robert P. Beyer* and *Mr. C. T. Dawes,* Deputy Attorneys General of the State of New York, for petitioner. *Mr. Carl Sherman,* Attorney General, was also on the briefs.

*Mr. Henry B. Singer* for respondent. *Mr. Abraham H. Rubenstein* was also on the brief.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case comes here upon certiorari, 262 U. S. 741, to review a decision apportioning a claim in bankruptcy for taxes, presented by the State of New York. 290 Fed. 950. On December 22, 1920, a petition was filed against the Ajax Dress Company, a manufacturing or mercantile corporation of the State of New York, and it was adjudicated a bankrupt. The State filed a claim for a tax for the year between November 1, 1920, and October 31, 1921, and for "penal interest", under §§ 209

and 219-c of the Tax Law of New York. Section 209 provides that "For the privilege of exercising its franchise in this state in a corporate or organized capacity every domestic corporation . . . shall annually pay in advance for the year beginning November first . . . an annual franchise tax, to be computed by the tax commission upon the basis of its entire net income for its fiscal or the calendar year next preceding." The Company ceased business on the day when the petition was filed and the Courts below held that the tax was to be apportioned to the time, somewhat less than two months, that the franchise was exercised. By § 219-c of the same tax law the tax is to be paid on or before January 1 of each year and if it is not paid the corporation liable shall pay "in addition to the amount of such tax, . . . ten per centum of such amount, plus one per centum for each month the tax . . . remains unpaid." The Courts below held that this latter liability was a penalty and therefore not to be allowed, but allowed six per cent. upon the tax as apportioned, to the date of payment. The State says that it is entitled to the statutory interest or none.

On the main question the Circuit Court of Appeals rightly recognized that the construction of the state law by the State Courts should control, but found nothing nearer than *People ex rel. Mutual Trust Co.* v. *Miller,* 177 N. Y. 51, where a different statute was held to tax the privilege of carrying on the business as actually exercised and therefore to create an apportionable liability. If the State Court should decide that the present act was to be construed in the same way we should bow, but until it does so we must regard the meaning as tolerably plain. The amount to be paid is not determined by the business done during the period taxed but by the net income of the year before. It is made a legal duty, by what the Courts below rightly held to be

a penalty, to pay the tax in advance. When the law discussed in the *Mutual Trust Company's Case, supra,* was amended so as to provide that the tax should be payable in advance, the Court of Appeals said that the amendment changed the character of the tax and that the grounds of the former decision were no longer applicable. *People ex rel. New York Central & Hudson River R. R. Co.* v. *Gaus,* 200 N. Y. 328. It hardly can be supposed that if the tax had been paid the State would recognize a claim for a proportionate return. We are of opinion that the tax is a tax upon the right conferred, not upon the actual exercise of it, that it was due when the petition in bankruptcy was filed, *New Jersey* v. *Anderson,* 203 U. S. 483, 494, and that the claim of the State for the whole sum should have been allowed.

There can be no doubt that the additional ten per centum charged for failure to pay by January 1 is a penalty, disallowed by the Bankruptcy Act, § 57j, but it is urged that the one per centum for each month of default is statutory interest and that the State is entitled to that and otherwise would be entitled to none. As the one per centum is more than the value of the use of the money and is added by the statute to the ten to make a single sum it must be treated as part of one corpus and must fall with that. We presume that in this event the State does not object to receiving the simple interest allowed. That part of the order will stand.

*Order reversed.*