**Appeal of JAMESTOWN WORSTED**                    **Docket No. 92.**
        **MILLS.**

1. The New York State franchise tax accrues on November 1 and the Federal capital stock tax on July 1 of each year.
2. Compensation paid by a corporate taxpayer to its officers in the year 1919 allowed.

Submitted November 6, 1924; decided February 28, 1925.

*J. J. Miller, C. P. A.,* and *H. A. Mihills, C. P. A.,* for the taxpayer.
*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This appeal is from a net deficiency in income and profits taxes for the years 1919 and 1920. At a hearing on November 6, 1924, George E. Halloway, accountant, and William A. Broadhead, treasurer, of the taxpayer corporation, were sworn and testified on behalf of the taxpayer, and the deficiency letter and revenue agent's report of August 24, 1923, were admitted in evidence. From the testimony and documentary evidence presented the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a New York corporation with its office at Jamestown, N. Y., and is engaged in the manufacture of worsted goods. The appeal is from a deficiency letter mailed to the taxpayer on June 30, 1924, which proposed the assessment of additional taxes as follows:

| | |
|---|---|
| 1919 additional taxes | $14, 633. 80 |
| 1920 overassessment | 367. 97 |
| | 14, 265. 83 |

An appeal from the determination was duly filed with the Board on August 29, 1924.

2. The taxpayer keeps its books of account on an accrual basis and its returns for the years 1919 and 1920 were made and accepted on that basis.

3. The additions to plant account for the years 1918 and 1919 were as follows:

| | |
|---|---|
| 1918 | $25, 116. 79 |
| 1919 | 39, 075. 31 |

On these additions amortization was allowed on $17,335 for 1918 and on $23,945.22 for 1919. In computing the depreciation for the year 1919, the taxpayer claimed depreciation at the rate of 4 per cent upon the $17,335 addition to plant account in 1918, but claimed no depreciation in respect of any of the additions to plant account during 1919. Of the additions made to plant account during 1919, $15,-130.09 represented the cost of plant and equipment which was not subject to an amortization allowance.

4. The Commissioner increased the taxpayer's reported net income for the year 1919 by the amount of $7,993.03, with the explanation that this amount represented " 1918 income tax charged to P. & L." The Commissioner now admits that this adjustment was in error.

5. During the year 1919 the taxpayer received nontaxable interest on Liberty Bonds of $4,670.58, plus $574.76; total $5,245.34. The Commissioner has allowed the exclusion from total gross income of only $4,670.58. The Commissioner now concedes that the taxpayer is also entitled to the exclusion of the $574.76 which represents interest on the fifth Liberty Loan 3¾ per cent bonds.

6. The taxpayer paid its New York State franchise tax for the years 1917, 1918, 1919, and 1920. By the tax laws of the State of New York the franchise tax is payable in advance and must be paid before the first day of January of the following year. A table showing the transactions of the taxpayer and its claims in regard to its franchise taxes is as follows:

*New York State Franchise Tax.*

| Date paid. | Period for which paid. | Year chargeable. | Amount paid and chargeable. | Allowed by agent. | Additional deduction. |
|---|---|---|---|---|---|
| October, 1920 | Nov. 1, 1917–Nov. 1, 1918 | 1917 | $2,468.61 | | |
| October, 1920 | Nov. 1, 1918–Nov. 1, 1919 | 1918 | 4,899.51 | $2,468.61 | $2,430.90 |
| Mar. 24, 1920 | Nov. 1, 1919–Nov. 1, 1920 | 1919 | 6,084.77 | 4,899.51 | 1,185.26 |
| December, 1920 | Nov. 1, 1920–Nov. 1, 1921 | 1920 | 22,401.50 | 9,828.35 | 12,573.15 |

7. The Federal capital stock tax is payable in advance for the fiscal year beginning July 1 and ending June 30. The taxpayer's liability to capital stock tax under the Revenue Act of 1916, on its return filed for the fiscal year July 1, 1918, to June 30, 1919, was $909.50. Under the Revenue Act of 1918, approved February 24, 1919, an additional capital stock tax for the same fiscal year was imposed in the amount of $909.50; during the same calendar year it became liable for capital stock tax upon its return filed for the fiscal year July 1, 1919, to June 30, 1920, of $1,819. The capital stock tax which was owed upon its return filed during the calendar year 1920 was $2,068.

8. Total compensation paid to officers during the year 1917 amounted to $27,999.96. In the amendment of the taxpayer's return for 1919, the Commissioner disallowed the deduction of $12,166.66 of the above amount upon the ground that it was not an ordinary and necessary expense of the calendar year 1919.

S. B. Broadhead, president, and A. N. Broadhead, treasurer, received no compensation whatever in 1915 and in 1916 for services actually rendered; only $1,500 and $3,500, respectively, in 1917, and only $1,000 each in 1918, although they devoted their time and energy to the management of the enterprise. Under the by-laws of the corporation, the executive committee of the board of directors had authority to fix the salaries of the officers, and during the year 1919 the salary of S. B. Broadhead was fixed at $1,500 per annum and that of A. N. Broadhead at $3,500 per annum. The action of the executive committee in thus fixing the salaries of officers was ratified at a meeting of the board of directors under date of February 12, 1920. The minutes of that meeting read in part as follows:

Moved by E. G. Pierce, seconded by W. R. Reynolds, Jr., that this Board of Directors do hereby ratify and approve the action of the Executive Committee in fixing the salary of the President of this Company, S. B. Broadhead, at fifteen hundred dollars ($1500.00) per annum, beginning as of March 1st, 1915. Carried.

Moved by E. G. Pierce, seconded by W. R. Reynolds, Jr., that this Board of Directors do hereby ratify and approve the action of the Executive Committee in fixing the salary of the Treasurer, A. N. Broadhead, at thirty-five hundred dollars ($3500.00) per annum beginning as of March 1st, 1915. Carried.

Of the entire amount of compensation paid to S. B. Broadhead and A. N. Broadhead during the year 1919, $12,166.66 was to make up the deficiency in salaries for the years 1915 to 1918, inclusive. Upon the books of account the payment of this $12,166.66 was charged to surplus and not to profit and loss.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision of the Board will be settled on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

SMITH: This appeal alleges error on the part of the Commissioner in the determination of the taxpayer's income tax liability for the years 1919 and 1920 in the following particulars:

(a) Disallowance of deduction for depreciation on war facilities amortized.

(b) Portion of 1918 Federal income tax added to taxpayer's income for 1919.

(c) Erroneous computation of nontaxable Liberty Bond interest for 1919.

(d) Erroneous adjustment of New York State franchise and Federal capital stock taxes.

(e) Disallowance of a part of the compensation paid to officers in 1919.

In addition the taxpayer claims that it is entitled to the assessment of profits tax for 1919 and 1920 under the provisions of section 328 of the Revenue Act of 1918.

(1) Taxpayer alleges that the Commissioner has failed to allow any deduction for depreciation for the year 1919 in respect of the unamortized cost of war facilities added during the years 1918 and 1919. The additions to plant account for amortizable war facilities were as follows:

| | |
|---|---|
| 1918 | $17,335.00 |
| 1919 | 23,945.22 |
| Total | 41,280.22 |

The taxpayer was allowed, in 1919, 50 per cent amortization, or $20,640.11, in respect of these additions. The taxpayer now contends that inasmuch as only one-half of the cost of such additions was amortized it should be entitled to depreciation in respect of the unamortized cost.

We are of the opinion that the taxpayer's claim upon this point is without merit. Under the rulings of the Commissioner, depreciation may not be claimed upon property that is subject to an amortization allowance; that is to say, the amortization allowance is inclusive of depreciation.

It appears, however, that the taxpayer spent $15,130.09 for additions to plant account during the year 1919 which was not subject to an amortization claim. The Board finds that it is entitled to depreciation at the rate of 4 per cent per annum for one-half year upon such additions. It is therefore held that the taxpayer is entitled to a deduction for depreciation for the year 1919 of $302.60 in addition to the amount allowed by the Commissioner.

(2) The Commissioner confesses error with respect to the addition to net income reported for the year 1919 of $7,993.03, which the Commissioner alleges to have been "1918 income tax charged

to P. & L.," and with respect to $574.76 nontaxable Liberty Bond interest. The Board concludes that these items will be adjusted accordingly.

(3) The taxpayer paid no New York State franchise tax until 1920. Section 209 of the Tax Law of the State of New York provides that

For the privilege of exercising its franchise in this state in a corporate or organized capacity every domestic * * * corporation, * * * shall annually pay in advance for the year beginning November first * * * an annual franchise tax, to be computed by .the tax commission upon the basis of its net income for its fiscal or the calendar year next preceding, * * *.

By section 219–c of the same Tax Law the tax is made payable on or before the first day of January of each year. If it be assumed that the New York State franchise tax payable for the fiscal year November 1, 1919, to November 1, 1920, accrued within the calendar year 1919, and the tax due for the period November 1, 1920, to November 1, 1921, accrued within the calendar year 1920, the amounts which the taxpayer is entitled to deduct from the gross income for the years 1919 and 1920, in respect of this tax, are $6,084.77 and $22,401.50, respectively.

The question whether the New York State franchise tax accrues within the calendar year containing the first two months of the fiscal year for which the tax is imposed appears to be settled by the case of *New York* v. *Jersawit*, 263 U. S. 493. In that case the Ajax Dress Co. went into bankruptcy on December 22, 1920. The question before the court was whether the company was liable to a full year's New York State franchise tax. In the course of its opinion the court stated:

We are of opinion that the tax is a tax upon the right conferred, not upon the actual exercise of it, that it was due when the petition in bankruptcy was filed, *New Jersey* v. *Anderson*, 203 U. S. 483, 494, and that the claim of the State for the whole sum .should have been allowed.

The case cited by the Supreme Court is authority for the statement that a tax which is due and owing has accrued. The question in issue there was whether a tax of the State of New York could accrue before the time when the tax was due and payable. The court stated (203 U. S. 494):

The amount claimed for the year 1903, it is insisted, had not accrued at the time of the adjudication in bankruptcy, which was on April 23, 1903, the return being made on May 2, 1903, and the assessment was not made until July 1, 1903; but the annual return required to be made to the board, on or before the first Tuesday in May, is upon the basis of the capital stock issued and outstanding the first of January preceding the making of the return. The bankrupt act requires the payment of all taxes legally due and owing. We think the tax thus assessed upon that basis was legally due and owing, although not collectible until after the adjudication.

We can not doubt, therefore, that the New York State franchise tax for which the taxpayer became liable for the fiscal years November 1, 1919, to October 31, 1920, and from November 1, 1920, to October 31, 1921, accrued during the calendar years 1919 and 1920, respectively *Appeal of Russell Milling Company*, 1 B. T. A. 194.

The Federal capital stock tax imposed by section 1000 of the Revenue Act of 1918 is denominated a " special tax."

" Special taxes " are payable in advance. (Section 3173 U. S. R. S.) They become due as of the first day of the fiscal year (July

1). Taxpayers liable to special taxes are required to make returns to the collector not later than July 31 of each year, and after they have received notice of the assessment of the tax they have ten days within which to pay the tax without penalty. (Section 3184 U. S. R. S.) Liability for the payment of capital stock taxes for the years 1919 and 1920 was incurred by the taxpayer on July 1, 1919, and July 1, 1920. During the calendar year 1919 the taxpayer was subjected to an additional liability for capital stock tax in respect of its capital stock tax return filed during the year 1918. Such additional capital stock tax liability accrued on February 24, 1919, the date of the approval of the Revenue Act of 1918. The capital stock tax imposed by this Act was retroactive to July 1, 1918, and it was provided by section 1004 of the Act that the tax assessable for the period July 1, 1918, to June 30, 1919, should be credited with any tax paid under the Revenue Act of 1916 for the same taxable year. The amount of the capital stock taxes which became due and payable during the years 1919 and 1920 were $2,728.50 and $2,068, respectively.

(4) For the years 1915 and 1916, the president and the treasurer of the taxpayer devoted their energies to the success of the corporation without receiving any compensation therefor. For the year 1917 the president was paid a salary of $1,500 and the treasurer a salary of $3,500. For 1918, each was paid a salary of $1,000. In 1919 the executive committee of the board of directors fixed the salary of the president at $1,500 per annum from March 1, 1915, and of the treasurer at $3,500 per annum from the same date. The total amount of the salaries which would have been paid these individuals from March 1, 1915, to December 31, 1918, if they had been paid at the rate of $1,500 per year for the president and $3,500 per year for the treasurer, would have amounted to $19,166.66. Only $7,000 had actually been paid them for compensation during these periods. During 1919 the corporation was in funds with which to pay fair salaries, and the president and treasurer were paid total compensation of $17,166.66. The Commissioner has disallowed $12,166.66 of this amount upon the ground that it was not an ordinary and necessary expense of the corporation for the year 1919.

Under section 234(a)(1) of the Revenue Act of 1918 a corporation taxpayer is permitted to deduct from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

For the years prior to 1919 there was no liability on the part of the taxpayer to compensate its officers for services actually rendered. No liability for the payment of salaries in excess of the amounts actually paid accrued during those years. However the increased amounts paid in 1919 may have been designated, they were merely increased compensation for services rendered, and are allowable deductions from the gross income of 1919.

The taxpayer has furnished no evidence of such an abnormality in income or invested capital for 1919 or 1920 as would warrant assessment under Section 328 of the Revenue Act of 1918.