feel that the rules laid down in that case should be followed here.

In the Lobosko Case (D. C.) 11 F.(2d) 892, a clear distinction is made between entering a private portion of a building without a search warrant and entering a place of business, and the mere odor of alcohol alone does not in my opinion excuse an otherwise unlawful entry into an inner room.

It is contended for the government that the prohibition officers were vested with power under section 3177, Revised Statutes (26 USCA § 92), to enter in the daytime any building where alcohol is kept or produced. Referring to this section, Judge Woolley, speaking for this circuit in Cooper v. United States, 299 F. 483, 485, said: "This is a section of the Revenue Act providing means to enforce collection of the public revenues. To this end, and because of the peculiar problem, authority given a deputy collector of internal revenue to enter and search premises where articles subject to federal tax 'are made, produced, or kept' has been regarded not to be violative of the constitutional provision against 'unreasonable searches and seizures.' * * * When the 'articles or objects subject to tax' mentioned in the section, for which a deputy collector may search without a search warrant, are liquors, we do not think the statute confers upon him a blanket warrant to search for liquors wheresoever he may think they may be found."

Obviously, if an internal revenue officer is limited in his authority as above outlined, a prohibition officer cannot by virtue of the same section become vested with broader powers. Since the decision in the Cooper Case, Congress has passed the Act of March 3, 1927 (5 USCA § 281 et seq.), creating the Bureau of Prohibition, but nothing is found in this act or in Treasury Decision No. 1 of April 1, 1927, which evidences an intent to enlarge upon the powers of prohibition agents to an extent sufficient to overcome the logic of the decision above quoted.

The motion to suppress is granted.

## In re BROWN.

No. 4738.

District Court, S. D. Ohio, E. D.

Feb. 20, 1926.

The opinion of Frederick N. Sinks, Referee, on claim of county treasurer for taxes, is as follows:

This matter has been submitted on the question of the right of the county treasurer of Fayette county to collect penalties on taxes due on certain real estate heretofore belonging to the bankrupt herein.

The trustee claims that the treasurer cannot collect the penalties assessed, while the county treasurer maintains that he is entitled to them.

The decision in this matter involves the construction of section 57j of the Bankruptcy Act (11 USCA § 93) as interpreted by the courts. The difficulty of applying this statute seems to arise not so much from the language of the section itself as its application to different states of fact.

In the case of People of State of New York v. Jersawit, decided by the Supreme Court of the United States in January, 1924, and found in the 263 U. S. 493, 44 S. Ct. 167, 68 L. Ed. page 405, it was held that the 10 per cent. upon the amount of the tax, plus 1 per cent. per month imposed by the New York statute for the neglect to promptly pay a corporate franchise tax, are penalties and should be disallowed by the provisions of the Bankruptcy Act.

To the same effect is the decision of Judge Westenhaver for the Northern District, rendered in the case of In re Portage Rubber Co., which case subsequently went to the Court of Appeals and will be found in 288 F. page 182.

It is true the Court of Appeals did not pass upon this question, but the order entered by Judge Westenhaver, as shown by the original records in the District Court, copies of which are in the possession of the Attorney General of the state of Ohio, specifically provided that the penalty assessed by the state of Ohio on the franchise tax should be disallowed.

In re Scheidt Bros. (D. C.) decided by Judge Sater, found in 177 F. 599, 23 A. B. R. 778, would seem to be contrary to the foregoing rules. However, a consideration of the

case discloses that the tax there under consideration was a personal, not a real tax, and the Ohio statute there referred to does not provide for interest on the personal tax, and the court therefore construes the penalty to be in lieu of interest. No such question arises in the instant case, because interest has been added to the claim of the county treasurer for taxes, plus the penalty. There is therefore a substantial difference in the two cases.

In view of the foregoing, I am of opinion that the county treasurer of Fayette county is entitled to collect the amount of the taxes, plus interest to the date of payment, but without any penalty and it is accordingly so ordered.

Tom S. Maddox and Ray R. Maddox, both of Washington C. H., Ohio, for County Treasurer of Fayette County, Ohio.

D. C. Badger, of Columbus, Ohio, for trustee.

HOUGH, District Judge.

Report of Referee approved and confirmed under construction section 57j, Bankruptcy Act, and upon the authority of People v. Jersawit, 263 U. S. 493, 44 S. Ct. 167, 68 L. Ed. 405.

---

## UNITED STATES v. WILLIAMS et al.
### No. 1012.

District Court, D. Idaho, C. D.

Feb. 6, 1930.

H. E. Ray, U. S. Dist. Atty., and Wm. H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho.

Verner R. Clements, of Lewiston, Idaho, and P. W. Mitchell, of Nez Perce, Idaho, for defendants.

CAVANAH, District Judge.

On October 27, 1914, the defendant Williams, a rural mail carrier, as principal, and the defendants Turner and Brannon, as sureties, gave a bond to the United States in the sum of $500, conditioned that if the principal "shall faithfully discharge all of the duties and trusts imposed upon him as such letter carrier * * * and shall promptly pay at his rate of salary and at his own expense the compensation of any substitute rural letter carrier employed in his stead and place," the bond shall be void.

The position of the defendants is that their obligation to the plaintiff is to indemnify it to the extent of its actual damages, but not beyond that sum. It was held upon the demurrer that the bond, when applied to the allegations then appearing in the complaint, was not penal in character, but for actual damages resulting to the government for improper mail service on the part of the carrier. The stipulation of facts discloses that the government has not suffered any loss whatever by reason of the principal's failure to personally perform the service, as he actually paid out more than he received from the government in having others than himself deliver the mail. There is no complaint that the services rendered in the delivery of the mail were not done in accordance with the conditions of the bond, other than that Williams secured the services of others in the delivery of the mail. Therefore there was no actual damages resulting to the government.

Under section 734, of the Rules and Regulations of the Post Office Department, which provides that "absence of a rural carrier without the permission of the postmaster, subjects him, in addition to forfeiture of his pay for the period of such absence, to reprimand, temporary reduction of his pay, or removal from the service, as the circumstances may warrant," Williams, by employing others to deliver the mail, was subject to forfeiture of his pay, reprimand, temporary reduction of his pay, or removal from the service. If there had been any damages resulting to the government from the manner in which the services were rendered, the defendants would have