KOSSAR & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 18400.   Promulgated June 7, 1929.

*A. E. James, Esq.*, and *Isaac N. Jacobson, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, and *Frank A. Surine, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: Petitioner seeks for 1920 and 1921 to bring itself within the class of " personal service corporations " defined in section 200, Revenue Acts of 1918 and 1921, which are not subject to tax. Sec. 218 (e). A similar attempt for 1918 and 1919 failed because, in the opinion of the Board, capital was a material income-producing factor. *Kossar & Co.*, 4 B. T. A. 1164. The evidence in this proceeding leads to the same conclusion and we hold that for 1920 and 1921 petitioner is not entitled to be classified as a personal service corporation. *Hubbard-Ragsdale Co.* v. *Dean*, 15 Fed. (2d) 410; 15 Fed. (2d) 1013; *Denver Live Stock Commission Co.* v. *Commissioner*, 29 Fed. (2d) 543, affirming 7 B. T. A. 985; *John Dais Co.*, 2 B. T. A.

1167; *Prey Bros. Live Stock Commission*, 9 B. T. A. 534; *C. E. McNeill & Co.*, 14 B. T. A. 738. We need not consider the fact that until December 19, 1921, 50 shares or one-fourth of the outstanding stock was held by two people who were not "regularly engaged in the active conduct of the affairs of the corporation. See *Robischon & Peckham Co.*, 11 B. T. A. 483.

The New York State franchise tax was that imposed by N. Y. L. 1909, ch. 62, art. 9 A. By section 209 a tax was in this instance imposed "for the privilege of exercising its franchise in this state" payable annually in advance for the year beginning November 1, computed upon the net income of the preceding calendar year. The rate was 4½ per cent. To a taxpayer upon a simple and consistent accrual basis, as the parties agree as to this petitioner, this tax of $767.74 for 1920 and $1,403.15 for 1921 accrued in 1920 and in 1921, respectively. Deduction should be made and the deficiency is modified accordingly. *Jamestown Worsted Mills*, 1 B. T. A. 659; *United States Trust Co. of New York*, 13 B. T. A. 1074.

But the amount of $45.77 paid in March, 1921, as "penalty and interest" is not a tax, *New York v. Jersawit*, 263 U. S. 493, and is not deductible as such. Nor is any part of it to be treated as interest, *New York v. Jersawit, supra; United States v. Childs*, 266 U. S. 304. Petitioner does not claim the deduction as ordinary and necessary expense, nor has any evidence been offered so to establish it. However doubtful may be the deductibility of a penalty when all the circumstances are in evidence, see *Great Northern Ry. Co.*, 8 B. T. A. 225, it can not be said that the mere payment is *per se* an ordinary and necessary expense of carrying on a trade or business.

The petitioner claims deductions of amounts withdrawn by Kossar and Blumenkranz in excess of their regular salaries. The evidence as to the amounts is not entirely clear, but in any event they are not, in our opinion, salaries or compensation and are not deductible as such. They were treated by those concerned as advances and accounted for as temporary loans. Blumenkranz testified that they expected to pay them back. Their services were apparently fully compensated by the salaries which they agreed upon of $150 per week or $7,800 each in 1920 and $200 per week or $10,400 each in 1921, and we find no justification in the evidence for increasing these amounts by reason of advances to these stockholders of their personal taxes or other withdrawals.

The petitioner claims special assessment under section 327, and relies upon the idea that the salaries actually paid were lower than they might have been and that therefore net income was abnormally high. In support thereof petitioner introduced the opinion of Herbert Frankel, the president of a competing corporation, that the services of Kossar and Blumenkranz were each worth $20,000 a year,

Blumenkranz had reciprocally testified to the same effect for Frankel in an earlier proceeding before the Board, *Sol Frankel, Inc.*, 3 B. T. A. 494. Even if we were to adopt this as a reasonable opinion (which we are unwilling to do), it does not follow that the corporation's payment of a lower amount is under the circumstances an abnormal condition affecting capital or income calling for the use of special assessment. The standard of salaries is not definitely fixed and there is a wide field within which they may vary without constituting an abnormal condition. We think the opinion of this witness that the salaries might reasonably have been higher is insufficient to prove an abnormal condition. If Kossar and Blumenkranz had taken $20,000 each, the total salaries would have been increased by $34,400 in 1920 and $19,200 in 1921, and these amounts would not have been justified by the earnings.

Furthermore, since it is not contended that the statutory invested capital is other than normal, special assessment is precluded by section 327, which provides:

* * * This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital * * *.

The respondent's determination should be modified by deductions of the New York State franchise taxes as above decided, and in other respects it is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*