## In re SEMON.
### No. 13998.

District Court, D. Connecticut.
May 28, 1935.

Robert P. Butler, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn.

Louis Evans, of New Haven, Conn., for trustee in bankruptcy.

HINCKS, District Judge.

Chronologically stated, the facts are:

On November 7, 1931, an additional income tax in the amount of $6,798.53 was assessed against one John Semon (the bankrupt herein). On April 29, 1932, this court, on its equity side, appointed a receiver for the estate of said Semon. The receivership proceedings in equity were terminated on March 9, 1933, when the said Semon was adjudicated a bankrupt. On July 1, 1933, the Collector of Internal Revenue filed proof of claim in the bankruptcy proceedings for additional income tax as above stated, setting forth that interest would accrue thereon at the rate of 1 per cent. from November 12, 1931 (that being the date notice and demand was served on the taxpayer), until the date of payment.

The referee allowed the claim in the amount of $6,798.53 only, and from this order the government duly filed its petition for review, and in its brief in the proceedings in review claimed interest, not at the rate of 1 per cent. per month from November 12, 1931, until the date of payment, but instead interest at 1 per cent. per month from November 12, 1931, to April 29, 1932 (that being the date of the equity receivership), and thereafter at the rate of 6 per cent. per annum to date of payment.

In support of its claim of interest at 1 per cent. per month up to the time of the equity receivership, the government relies upon the case of United States v. Childs, 266 U. S. 304, 45 S. Ct. 110, 111, 69 L. Ed. 299. But the Childs Case had to do with the Revenue Acts of 1916 and 1917 (39 Stat. 756, 40 Stat. 300). Here the 1928 act is applicable. And the same principles of construction which the court in the Childs Case ap-

plied to the earlier acts, when applied to the Revenue Act of 1928, lead to a different conclusion.

By section 14 (a) of title 1, pt. 2, of the Act of 1916 (39 Stat. 756), it was provided that to the amount of any tax not paid when required by statute "there shall be added the sum of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due." In the Childs Case, the court held that under this act interest at 1 per cent. per month was not a penalty, and as such within the ban of section 57j of the Bankruptcy Act (11 USCA § 93 (j), but that by the "explicit" provisions of the Revenue Act the 5 per cent. addition to the tax was "the cost of delinquency," and hence the penalty, whereas the interest at 1 per cent. per month was "compensation, not punishment," in that it was "clearly intended to compensate the delay in payment."

But when we come to examine the act of 1928, we find in section 291 (26 USCA § 2291) a penalty of 25 per cent. to be added to the tax for failure to make a return within the time prescribed by law. If, however, the return is made on time, but does not fully state the tax as prescribed by law, so that a "deficiency" within the definition of section 271 (26 USCA § 2271), arises, then, in section 293 (26 USCA § 2293), we find a provision that to the tax shall be added a penalty of 5 per cent. if the deficiency "is due to negligence, etc.," and a penalty of 50 per cent. if due to fraud. And if a return fully stating the correct tax is made in time, but payment thereof delayed beyond the time limited by law, then in section 294 (a) (1), 26 USCA § 2294 (a) (1), we find a provision for the addition of interest at 1 per cent. a month from the due date until actually paid. This is the provision upon which the government relies for its claim of interest at 1 per cent. from November 12, 1931, to April 29, 1932.

I hold, however, that the interest at 1 per cent. a month specified in section 294 (a) (1), 26 USCA § 2294 (a) (1), includes a penalty for delinquency, within the meaning of the Childs Case, as well as compensation to the government for the use of the tax money to which it was entitled. This clearly appears from further provisions of the act. For in cases in which a deficiency arises, under section 292 (26 USCA § 2292) there is added to the tax interest at only 6 per cent. per annum from the original due date to the date the deficiency is assessed. It thus appears that in cases of deficiency, in the absence of fault on the part of the taxpayer (such fault being the cause for the penalties prescribed by section 293 as mentioned above), the government is content to accept 6 per cent. per annum for the tax money, the use of which it lost by reason of a deficiency upon the original return. But if, after the deficiency is assessed and notice and demand made therefor, the taxpayer, whether or not theretofore delinquent, thereafter delays payment, then under section 294 (b), 26 USCA § 2294 (b), interest upon the deficiency at 1 per cent. per month accrues until paid, indicating clearly that the 6 per cent. interest theretofore provided for as compensation, Congress added as a penalty for delinquency in payment additional interest, also at 6 per cent. per annum.

This conclusion finds further support in numerous other provisions of the act. Thus, where extensions for payment are granted, that is to say, in cases where the payment, although late, is not delinquent, interest at only 6 per cent. accrues for the period of extension. Sections 294 (a) and 296, 26 USCA §§ 2294 (a), 2296. Likewise with respect to jeopardy assessments. Section 297 (26 USCA § 2297). And section 294 (c), 26 USCA § 2294 (c), on which I shall have further comment presently, also indicates that 6 per cent. per annum was the value which Congress itself put upon the use of money to which the government was entitled. Section 614 (26 USCA § 2614), which fixes the interest on overpayments by a taxpayer at 6 per cent., and section 615 (a), 28 USCA § 284 (b) amending Jud. Code § 177 (b), fixing 6 per cent. as the interest running on certain judgments against the government, furnish further indication of the Congressional notions as to the value of money. The conclusion is irresistible that the provisions of section 294 (a) (1) and section 294 (b) for 1 per cent. per month combine each in a single provision a penalty of ½ per cent. per month for the continuing delinquen-

cy, with interest of ½ per cent. per month by way of compensation.

█ Since the provision for interest at 1 per cent. per month cloaks a penalty, clearly it is unenforceable in bankruptcy against the assets of the bankrupt estate. Bankruptcy Act, § 57j, 11 USCA § 93 (j). People of State of New York v. Jersawit, 263 U. S. 493, 44 S. Ct. 167, 168, 68 L. Ed. 405. But the question arises whether there may be collected from the bankrupt estate simple interest at 6 per cent. or any other per cent. for the period of time during which the estate was in the bankrupt's possession and control prior to the equity receivership. That question, I think, was also answered in the opinion in New York v. Jersawit, supra. In that case, the court below, in Re Ajax Dress Co. (C. C. A.) 290 F. 950, had ruled with respect to a tax claim by the state of New York that a statutory provision adding to the franchise tax by reason of delinquency in the payment thereof "ten per centum of such amount, plus one per centum for each month the tax remained unpaid" was a penalty unenforceable under section 57j of the Bankruptcy Act, 11 USCA § 93 (j), but that, notwithstanding, the bankrupt estate was liable for interest on the tax at the rate of 6 per cent. per annum as the measure of "the extent of the pecuniary loss suffered." From this ruling, the trustee appears to have taken no appeal. The state, however, appealed, claiming error in the ascertainment of the tax itself as distinguished from additions of penalties or interest. On the subject of allowable interest, at the very close of the opinion of the Supreme Court, it was said: "As the one per centum is more than the value of the use of the money and is added by the statute to the ten to make a single sum it must be treated as part of one corpus and must fall with that."

Here, as in the Jersawit Case, interest and penalty are by the statute combined "to make a single sum." "It must be treated as part of one corpus and must fall with that." To be sure, in the Jersawit Case, there being no appeal by the trustee in bankruptcy, the allowance of 6 per cent. interest was permitted to stand, the court saying: "We presume that in this event the State does not object to receiving the simple interest allowed." This observation I take as an intimation that the allowance was inconsistent with law and was permitted to stand only for lack of appeal. Here the trustee is claiming that no interest at all is collectible from the estate. His contention must be sustained, but only with respect to interest accruing prior to the said receivership, for to the later periods another provision of the 1928 Revenue Act is applicable.

█ The next question that arises is whether the government is entitled to interest at 6 per cent. during the period that the estate was in the hands of the equity receiver. Section 294 (c) of the Revenue Act of 1928 (26 USCA § 2294 (c) provides as follows: "Fiduciaries. For any period an estate is held by a fiduciary appointed by order of any court of competent jurisdiction or by will, there shall be collected interest at the rate of 6 per centum per annum in lieu of the interest provided in subsections (a) and (b) of this section."

A "fiduciary" is defined in section 701 (a), 26 USCA § 2701 (a), as follows: "(5) The term 'fiduciary' means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person."

Sec. 294 (c) is clearly applicable to the case at bar, at least with respect to interest accruing during the equity receivership. By its limitation of interest to 6 per cent. per annum it avoids all conflict with section 57j of the Bankruptcy Act, 11 USCA § 93 (j). It follows that interest should be added to the government's claim at the rate of 6 per cent. per annum for the period of the equity receivership.

█ We come next to the government's claim of interest at 6 per cent. from the date of the petition in bankruptcy until the claim is paid.

The claim raises the question whether interest continues to accrue after the petition in bankruptcy until actual payment, or whether the filing of the petition stops its running for purposes of administration in bankruptcy. Except in estates which, when ready for distribution, prove unexpectedly to be solvent, Brown v. Leo (C. C. A.) 34 F.(2d) 127, it is, to be sure, contemplated under the Bankruptcy

Act that upon common claims interest stops accruing against the estate upon the filing of the petition. Section 63a (1) and (5), 11 USCA § 103 (a) (1, 5). Sexton v. Dreyfus, 219 U. S. 339, 31 S. Ct. 256, 55 L. Ed. 244. But the rule in equity receiverships is that upon interest-bearing claims having priority, interest continues to run until the actual payment of the claim. Sawyer Tanning Co. v. C. J. O'Keefe Shoe Co. (D. C.) 23 F.(2d) 717; American Iron & Steel Mfg. Co. v. Seaboard Air Line Ry., 233 U. S. 261, 34 S. Ct. 502, 58 L. Ed. 949.

And this rule the Supreme Court in the Childs Case has applied to a tax claim of the government against a bankrupt estate. For the report of that case in the court below, In re J. Menist & Co. (C. C. A.) 290 F. 947, shows clearly that the contested claim of the government was for an income tax with "1 per cent. interest per month *until paid*." The Circuit Court of Appeals affirmed an order of the District Court which, as we have already seen, allowed the government's claim, but reduced the interest thereon to 6 per cent. per annum until paid. This judgment on appeal by the government was reversed. And the effect of the reversal was necessarily to give effect in full to the government's claim of interest at 1 per cent. per month *until paid*. To be sure, as already pointed out under the Revenue Act of 1928, the provision for 1 per cent. interest per month is in part a penalty and unenforceable in bankruptcy. But this impediment has been removed by section 294 (c), 26 USCA § 2294 (c), which, I hold, applies to administration in bankruptcy as well as in equity. And since the Childs decision, there have been no amendments to the Bankruptcy Act and no changes in the revenue laws indicating a legislative intent to alter the holding of that case that compensatory interest on a government tax claim runs, even after the petition in bankruptcy, until payment of the claim.

In so far as inconsistent with the foregoing conclusions, the referee's order must be modified, and it is ordered that the claim of the government be allowed, without interest, until April 29, 1932; and with interest at 6 per cent. per annum from that date until fully paid with interest allowed.