## In re SEMON.
### No. 108.

Circuit Court of Appeals, Second Circuit.
Dec. 16, 1935.

Robert P. Butler, U. S. Atty., of Hartford, Conn., George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and E. W. Pavenstedt, of Washington, D. C., for appellant.

Louis Evans, of New Haven, Conn. (Evans & Markle and O'Keefe & French, all of New Haven, Conn., of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

John Semon was adjudicated bankrupt on March 9, 1933. In the bankruptcy proceedings the collector of internal revenue for the district of Connecticut filed proof of claim for a deficiency income tax for 1929 assessed against the bankrupt in November, 1931. Interest was claimed at the rate of 12 per cent. per annum from November 12, 1931, to April 29, 1932 (when a receiver in equity was appointed for the bankrupt's property), and thereafter at the rate of 6 per cent.

per annum until payment. The District Court allowed as a priority claim the principal amount of the tax, without interest until April 29, 1932, and with interest as claimed thereafter. This appeal presents only the question of the correctness of the disallowance of interest prior to April 29, 1932. Although the amount in dispute is small—less than $400—the principle involved is not unimportant.

The disputed interest is claimed by the government under section 294 (b) of the Revenue Act of 1928 (45 Stat. 858, 26 U.S.C.A. § 294 and note), which provides that if a deficiency is not paid in full within ten days after notice and demand, "there shall be collected as part of the tax, interest upon the unpaid amount at the rate of 1 per centum a month from the date of such notice and demand until it is paid." Because other provisions of the Revenue Act prescribe interest at the rate of 6 per cent. per annum for delay in payment, the District Court concluded that the above-quoted provision cloaked a penalty of one-half of one per cent. a month, and, since penalty and interest were lumped as one sum, allowed no interest whatever, relying upon New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, and section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93 (j). Although the question is not free from doubt and the opinion of Judge Hincks contains a strong argument for the construction he has adopted, we are constrained to disagree with it.

The Revenue Act of 1928 deals with penalties and interest with particularity. Penalties proper are provided in sections 291 and 293 (26 U.S.C.A. §§ 291, 293 and notes); 25 per cent. of the tax is to be added in case of failure to file a return; in the case of deficiencies, 5 per cent. thereof if due to negligence, and 50 per cent. thereof if due to fraud. Other sections deal with interest, eo nomine. Six per cent. interest per annum is provided in certain situations: on deficiencies prior to assessment (section 292 [26 U.S.C.A. § 292 and note]); where an estate is held by a fiduciary appointed by a court or by will (section 294 (c) [26 U.S.C.A. § 294 and note]); during extensions granted on payment (sections 295, 296 [26 U.S.C.A. §§ 295, 296 and notes]); on jeopardy assessments (section 297 [26 U.S.C.A. § 297 and note]); and on overpayments and judg-

ments against the United States (sections 614, 615 [26 U.S.C.A. § 1671 and note, 28 U.S.C.A. § 284 and note]). Interest is fixed at one per cent. a month where the tax determined by the taxpayer is not paid when due (section 294 (a) (1) [26 U.S.C.A. § 294 and note]); where such tax has not been paid within a granted period of extension (section 294 (a) (2) [26 U.S.C.A. § 294 and note]); where a deficiency remains unpaid after notice and demand, or after an extension period (sections 294 (b), 296 [26 U.S.C.A. §§ 294, 296 and notes]). Thus Congress has declared that in certain circumstances one rate of interest shall obtain, and in others a higher rate. The question is whether this fact necessarily makes the higher rate in part a penalty though denominated "interest" by Congress.

An interest rate of one per cent. a month is not per se a penalty. United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299. That case arose under section 14 (a) of the Revenue Act of 1916 (39 Stat. 772), which did not in title 1, relating to income taxes, provide different rates of interest for different delinquencies in payment, and on this ground it is said to be distinguishable from the case at bar. But in title 2, dealing with the estate tax, sections 204 and 207 (39 Stat. 778, 779) provided for interest at varying rates. It would seem, therefore, that the argument now urged on behalf of the trustee in bankruptcy might have been used in the Childs Case to contend that the one per cent. a month in fact cloaked a penalty. We are not persuaded that when Congress prescribes different rates of interest for different delinquencies in payment of taxes, the higher rate must necessarily be deemed to include a penalty. Since the higher rate is one within the legislative power to prescribe as interest (United States v. Childs, supra), it may well be argued that Congress regards the higher rate as the normal compensation for delay in payment under the circumstances where it obtains, although willing to accept a lesser compensation for delay under other circumstances. Impositions which were plainly penalties were set apart and dealt with in other sections, and in the sections prescribing interest, the imposition is explicitly declared to be such. This legislative declaration we do not think may be disregarded mere-

ly because different sections prescribe different rates. Although no precise authority has been found, United States v. Maryland Casualty Co., 49 F.(2d) 556, 558 (C.C.A.7), certiorari denied 284 U.S. 645, 52 S.Ct. 24, 76 L.Ed. 548, tends to support the view that Congress may impose different rates of interest without causing the higher rate to include a penalty; as does also Hughson v. United States, 59 F.(2d) 17, 19 (C.C.A.9).

The order is modified to include interest at the rate of one per cent. a month from the date of notice and demand by the collector, November 12, 1931, to April 29, 1932; as thus modified, it is affirmed.