82 F.2d 239 (1936)
In re BEARDSLEY & WOLCOTT MFG. CO.
CITY OF WATERBURY
v.
BROWN et al.
No. 241.
Circuit Court of Appeals, Second Circuit.
February 10, 1936.
Charles S. O'Connor and Vincent A. Scully, both of Waterbury, Conn., for appellant.
Herman J. Weisman, of Waterbury, Conn., for appellees.
Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge.
The Beardsley & Wolcott Manufacturing Company instituted a proceeding for reorganization under section 77B of the Bankruptcy Act, as added by Act of June 7, 1934, § 1, 48 Stat. 912 (11 U.S.C.A. § 207). On February 19, 1935, the city of Waterbury filed a claim with the trustees of the debtor for taxes assessed upon the latter's real estate for the years 1930, 1931, 1932, and 1933, amounting to $32,327.38, together with statutory interest thereon amounting to $7,085.46. The District Judge allowed as a priority claim the principal amount of the taxes but rejected the interest items because they really did not constitute interest but were essentially penalties that, under section 57j of the Bankruptcy Act (11 U.S.C.A. § 93 (j), could not be allowed. It is from the rejection of the claim for interest that this appeal has been taken.
Section 57j of the Bankruptcy Act (11 U.S.C.A. § 93 (j) provides that: "Debts owing to the United States, a State, a county, a district, or a municipality as a *240 penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."
The District Judge held that the items claimed as interest represented penalties because in certain situations the statutes of Connecticut impose a lower rate of interest upon delinquent taxes than is claimed by virtue of the statute applicable to the taxes in the present case.
Section 380c of XXXX-XXXX-XXXX Supplement to Connecticut Statutes, pp. 145, 146, effective June 5, 1935, provides for "interest" on delinquent taxes and states in part that: "The delinquent portion of any tax shall be subject to interest at the rate of three-fourths of one per cent for each month or fraction thereof which shall elapse from the time when it shall have become due and payable until the same shall be paid; provided, if the lien for any real estate tax, unpaid in whole or in part, was or shall be continued by certificate under the provisions of any past or present general statute or public or special act, interest, for such part of the total period as shall elapse from the date of such continuance to the date of payment, shall be charged at the rate of seven per cent per annum. Each addition of interest shall become, and shall be collectible as, a part of such tax."
The same statute provides as follows: "This section shall apply to all uncollected taxes whether due and payable prior to or subsequent to June 5, 1935. Effective June 5, 1935."
It is said that when the decision of the lower court was rendered the 1935 Supplement to the General Statutes of the State of Connecticut was not available in published form, but, whether or not it was available, it was in terms applicable to the taxes before that court at the time the decision was rendered.
The items claimed as "interest" are sought to be recovered under a statute which denominates them interest. While nomenclature is not conclusive, it is of probative force, particularly when the rate of ¾ per cent. per month (or 9 per cent. per year), that is applied, is below the statutory limitation, which in Connecticut is 12 per cent. General Statutes of Connecticut, § 4732 (1930).
In United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299, a rate of 12 per cent. was allowed as interest upon a claim for unpaid income taxes proved in bankruptcy; and in Horn v. Boone County, Neb., 44 F.(2d) 920 (C.C.A.8), a rate of 10 per cent. imposed upon unpaid taxes by a statute of Nebraska was allowed on a claim of a county for personal taxes due from a bankrupt. In New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, a penalty of 10 per cent. was imposed for delinquent taxes by a New York statute. The Supreme Court held that a further imposition in the statute of 1 per cent. per month was "more than the value of the use of the money," and when added to the penalty of 10 per cent. "to make a single sum * * * must be treated as part of one corpus and must fall with that." The separability in the Revenue Act of 1916 of the flat rates imposed by that act as penalties from the provisions imposing 1 per cent. per month as interest on unpaid taxes was the factor that distinguished United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299, from the earlier decision in New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, and determined the court in United States v. Childs to treat the 1 per cent. per month as provable in bankruptcy.
In Re Semon, 80 F.(2d) 81, we recently held that the imposition of different rates of interest on unpaid federal income taxes in varying situations did not render a rate of 1 per cent. per month on the arrears of taxes a penalty even though that rate was higher than some rates imposed by the act under other circumstances.
Moreover, it seems unlikely that the rate of 7 per cent. fixed under the Connecticut laws where a lien for taxes has been continued by the collector is an indication that the higher rate of 9 per cent. is a penalty. In the face of a statute which denominates each percentage interest, it is more reasonable to assume that the Legislature fixed each rate as fair compensation for delay and expense occasioned by the nonpayment of the taxes under particular circumstances.
Section 384c of the XXXX-XXXX-XXXX Supplement to the General Statutes of *241 Connecticut provides that liens for taxes shall exist from the first day of October or other assessment date in the year previous to that in which the tax shall have become due until two years thereafter and "during its existence, shall take precedence of all transfers and incumbrances thereon." Section 389 (c) provides that the collector may continue any tax lien by filing his certificate. Perhaps the difference between the rate of 9 per cent. fixed by statute upon arrears of taxes during the first two years after a tax has become due and the lower rate of 7 per cent. fixed where the lien is continued arose because of the belief that if a municipality should be unable to raise money for its expenses owing to a sudden failure of taxpayers to meet their obligations during a financial depression the expense of raising funds in an emergency would represent a larger loss to the city than would be the case where taxes had remained longer in arrears and the budget had become accommodated to the old arrears.
Section 388c provides that any person owning real estate may file with the tax collector within 90 days from the date when a tax is due an affidavit "showing in detail the existence of unusual financial or other circumstances which justify deferring collection of the tax laid upon such real estate," and requesting that the collection of the tax be deferred. Under such circumstances the collector shall refer the taxpayer's application to the municipal authorities together with his recommendation, and, if it is granted, he shall file within the first year after the taxes have become due a certificate accordingly. "Each tax, the lien for which shall have been continued by certificate under the provisions of this section shall not be subject to interest as provided by section 380c." This further differentiation between the rate of 9 per cent. applicable to ordinary cases, the 7 per cent. applicable to ordinary cases where the tax lien has been continued, and complete exemption from interest charges where an application for indulgence because of "unusual financial or other circumstances" has been made and granted, does not indicate that either the 9 per cent. or 7 per cent. rates represent penalties. It stands in the same position as any other tax exemption and is allowed merely for the purpose of alleviating hardships discovered after the tax has become due.
We may reasonably suppose that an exemption from interest charges on arrears might allow some business enterprises important to the community to continue where otherwise they would have to close down or might prevent certain individuals from becoming greater burdens on the community through the loss of their homes than the loss of interest upon their taxes would represent. In the long run such a reduction might result in the receipt of more taxes as well as insure greater well-being for the citizens of the state than an attempt to exact the last farthing.
It may be that the higher rates of 9 per cent. or 7 per cent. which delinquents who do not obtain an exemption have to pay was fixed through a rough estimate of the loss to the municipality occasioned by the indulgence to those in "unusual financial" circumstances. But we are not concerned with the wisdom of the statute. The rates fixed under the taxation and police powers of the state were doubtless governed by mixed financial and social policies. The policies were matters for the Legislature, and if it declared any rate which was within the range fixed as compensation for the use of money by private agreement and denominated it "interest," we think there should be every presumption that it was such in fact.
Our conclusion is that the legislative denomination of the rates we have mentioned as "interest" was justified. The decision of the Supreme Court in United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299, and our decision in In re Semon, 80 F.(2d) 81, require us to hold that the rates specified in section 380c of the XXXX-XXXX-XXXX Supplement to the General Statutes of Connecticut represent interest and not penalties and that the court below should compute interest on the unpaid taxes accordingly.
The order is modified in accordance with the views expressed in this opinion.