**In re L. GANDOLFI & CO., Inc.**

No. 71935.

District Court, S. D. New York.

Dec. 6, 1940.

O'Connor & Farber, of New York City (Arnold T. Koch and Stephen V. Ryan, Jr., both of New York City, of counsel), for trustees.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Morris L. Heath, both of New York City, of counsel), for City of New York.

Robert P. Stephenson, of New York City, referee in bankruptcy.

CLANCY, District Judge.

The decision of the referee here reviewed involves calculation of alleged sales tax and the interest thereon. The bankrupt made the reports of its business, required by the Sales Tax Law, but they had not been audited. After bankruptcy ensued, the City's accountants spot-checked two months out of the forty-five included in the period during which the sales tax had been paid. Objection was made to the calculation based on the evidence of this spot-check. In addition, the bankrupt had taken over the business of Cella's Inc. Here the City had calculated 15% of the gross sales made by Cella's Inc. were taxable.

The determination of the amount of the bankrupt's sales, subject to imposition of the sales tax, was a question of fact. I cannot say that the evidence submitted to the referee was insufficient or that he was unreasonable or arbitrary in accepting the figure of the City's accountant. The computation depends on a kind of rule of thumb. Another referee may have required more and a third referee conceivably less evidence upon which to hold the City's claim established. The burden of proof was on the bankrupt—§ 2, Sales Tax Local Law of 1934, pp. 164, 166, and the trustee made no effort to bear it. I will not disturb the referee's finding in this regard.

The estimate of the amount of the Cella's Inc. sales upon which a sales tax is claimed by the City is wholly arbitrary. The Sales Tax Law allows the Comptroller to reach a determination largely arbitrary but nevertheless requires some basis for his finding either "external indices such as the number of persons employed, rentals, stock on hand and or other factors." The testimony before the referee is bare of a statement or explanation of any factor whatever employed by the City in determining the amount of sales made by the Cella company and claimed to be taxable. They might just as well have guessed eighty percent as fifteen. This finding cannot be

sustained because there is no evidence whatever to sustain it, and the determination of any tax thereon is reversed. We see no reason why the City should be given an opportunity for further testimony. It rested and litigation must have its normal termination.

 The claim of the trustee to a defense of laches cannot be sustained. Laches implies much more than the mere expiration of time. There is nothing whatever in the evidence before the referee upon which to base the claim of laches except the possible loss of records during the delay. But this was assumed. No evidence was introduced that there ever was any evidence that was lost.

Interest at the rate of 6% will run on the amounts calculated as due under the Sales Tax Law as they accrued before July 1, 1938 and on the amount agreed on as the tax on business. In People of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, the Supreme Court expressly sustained as "simple interest" that part of the order which allowed 6% in that case which appears in 2 Cir., 290 F. 950, sub nom. In re Ajax Dress Co., Inc. On all amounts accruing by way of sales tax after July 1, 1938, the interest shall be 1% monthly as stated in the law. In re Beardsley & Wolcott Mfg. Co., 2 Cir., 82 F.2d 239, 104 A.L.R. 881.

The interest, of course, will run only until the date of adjudication, excepting such amount as is computable on the fixtures and other matters purchased from Cella's Inc. The bankrupt owes this amount as purchaser and, therefore, it is a tax in every sense of the word and the interest on that will run until payment. In re Kallak, D.C., 147 F. 276. On all of the rest of the amount due from the purchasers, interest will run only until the date of adjudication since that amount is a debt. McGoldrick v. Berwind-White Co., 309 U.S. 33, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876; Merchants Refrigerating Co. v. Taylor, 275 N.Y. 113, 9 N.E.2d 799.

Interest does not run on debts, regardless of priority after the date of adjudication (Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; Board of Commissioners v. Hurley, 8 Cir., 169 F. 92) except where the debtor is solvent (American Iron & Steel Mfg. Co. v. Seaboard Air Line Ry., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949), or where the creditor's lien extends to property, the value of which is sufficient to cover the interest. Spring Coal Co. v. Keech, 4 Cir., 239 F. 48, L.R.A.1917D, 1152; American Iron & Steel Co. v. Seaboard Air Line Ry., supra.

The City's authorities are not in point. When they involve bankruptcy cases they deal with lienors. In re Chestney Restaurant, D.C., 22 F.Supp. 807, was decided before the Berwind-White case, supra. The City has no lien for accrued sales tax before the levy provided in § 8 of the 1934 Law, p. 170; § N41–11.0 of the Administrative Code, as added by Loc.Law No. 21 of 1938, pp. 263, 270. Except as revised or modified in this opinion, report is confirmed.