Edward G. Acheson, Jr. v. Commissioner.
Acheson v. Commissioner
Docket No. 109620.
United States Tax Court
1943 Tax Ct. Memo LEXIS 365; 1 T.C.M. (CCH) 877; T.C.M. (RIA) 43163; April 9, 1943
*365 1. Expenses for the maintenance of an office, including an allowance for depreciation of office furniture, and a fee paid to an attorney as an adviser and assistant, held, deductible as non-trade or non-business expenses. Internal Revenue Code, section 23(a) and (1), as amended by Revenue Act of 1942, section 121. 2. The amount of five per cent added to income tax deficiencies due the State of New York, assessed and paid on account of delay in payment of the deficiencies, held, a penalty which may not be deducted for Federal income tax purposes. Paul P. Cohen, Esq., 425 Gluck Bldg., Niagara Falls, N. Y., for the petitioner. Ellyne Strickland, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was initiated to test the correctness of respondent's determination of a deficiency in income tax for the year 1939 in the sum of $1,096.53. Three issues are presented: (1) the deductibility of $2,733.95 for the rental and maintenance of an office in New York City, including depreciation of office furniture; (2) the deductibility of $1,125 paid for services in the collection of certain trust income and assistance in the promotion of certain business *366 enterprises; and (3) the deductibility of the sum of $57.21 paid by petitioner in the year 1939 to the State of New York as a five per cent addition to income tax deficiencies asserted for prior years and assessed by reason of delay in payment of such deficiencies. Findings of Fact Petitioner is a resident of St. Petersburg, Florida, and filed his income tax for the year 1939 with the Collector of Internal Revenue for the District of Florida. Petitioner was a beneficiary of two trusts, one created by his father and one by his mother. Petitioner's income from the trusts in 1939 amounted to $43,459.33 and in the three years prior to 1939 his income from the two trusts amounted to the following sums: 1936
$69,096.43
1937
74,288.71
1938
49,439.02
The corpus of each trust was shares in the Acheson Corporation, which was a holding company controlled by members of the Acheson family. From October 1, 1939 to December 31, 1939 petitioner was vice president of the Acheson Corporation and in 1940 he was chosen president. The trust indentures directed the trustee to vote stock held in trust for petitioner in accordance with his directions. The fair market value of the assets of *367 the Acheson Corporation on September 1, 1939 was approximately $15,775,000. Approximately 85% in value of the assets of the Acheson Corporation consisted of shares of the Union Carbide and Carbon Corporation and The Carborundum Company. The Acheson Corporation also owned the stock of certain operating subsidiaries. Some of the beneficiaries of several trusts that had been established by petitioner's father and mother, the corpora of which were shares in the Acheson Corporation, felt that some step should be taken to diversify the holdings of Acheson Corporation; and during the year 1939 various conferences were held by the beneficiaries and officers and directors of the corporation, including petitioner, and plans were studied to bring about the desired diversification without unduly sacrificing the capital investments. During the period from 1935 through 1940 petitioner was also engaged in promoting various business enterprises, including an improved coffee maker, a nonmetallic coffee container, a patented color photogravure process and other ventures. He gave considerable time to these enterprises and made substantial investments in them. Commencing with May 1, 1936 and continuing *368 throughout the year 1939 and for a period thereafter petitioner maintained an office at 570 Lexington Avenue in New York City. From this office he promoted these various ventures in which he was personally and financially interested, and this office was his headquarters for the studying, reviewing, and passing upon proposals with respect to the management, conservation, and maintenance of the assets of the Acheson Corporation. The expenses of maintaining this office during the year 1939 amounted to $2,733.95, as follows: Rent and electricity
$2,146.32
Telephone
198.77
Water and towels
88.86
Depreciation on furniture
300.00
TOTAL
$2,733.95
In February 1939, prior to the expiration of the original lease on the office at 570 Lexington Avenue, the matter of renewing the lease for an additional term of three years arose; and, following correspondence between petitioner and John J. Tullman, an attorney, who was in charge of petitioner's business affairs during the five months of the year that petitioner spent in Florida, it was determined by them that an office was necessary to carry on petitioner's several promotions and to provide a place for the conduct of matters relating *369 to petitioner's interest in the trusts from which his income was largely derived. Consequently, renewal of the lease was negotiated by Tullman in behalf of petitioner. During the year 1939 petitioner paid to Tullman the sum of $1,125 for services rendered in connection with the income received from the trusts, in assisting petitioner in matters relating to the various plans submitted for the diversification of the assets of the Acheson Corporation, and for helping petitioner with certain of his promotional enterprises. During the year 1939 petitioner paid to the State of New York the sum of $57.21, being a payment of five per cent of the amount of income tax deficiencies asserted by the State Tax Commission for the years 1933 and 1935, the said sum having been assessed by reason of delay in the payment of the income tax deficiencies. Opinion ARUNDELL, Judge: Expenditures sought to be deducted by petitioner under issue 1 are for rent, telephone, and incidentals. It requires no citation of authority to establish that such expenses are ordinary and usual. Nor can it be questioned that the expenditures were necessary in the sense that they were appropriate and helpful. "He certainly *370 thought they were, and we should be slow to override his judgment." Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8. We have no doubt that respondent would have allowed these items if he had been certain that petitioner was carrying on a trade or business. But section 121 of the Revenue Act of 1942 no longer confines the deduction of ordinary and necessary expenses to one carrying on a trade or business and it is enough that the expenditures were in connection with the "production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." It seems to us that petitioner meets the requirements of section 121(a) and (c) of the Revenue Act of 1942. The evidence is clear that this was a business office. It offered a place from which petitioner might direct certain of his outside financial ventures and also handle matters which were constantly arising in connection with the large interest he held in the Acheson Trusts. No one would suggest that the activities carried on by petitioner from this office fall into the category of recreation, sport or the indulging of a hobby. Regs. 103, sec. 19.23(a)-15(b) (added *371 by T.D. 5196, Dec. 8, 1942.) What we have said about the office expenses applies, we think, with equal force to the sum of $1,125 paid to Tullman. Both items are the very type that section 121, supra, was designed to cover, i.e., ordinary and necessary expenses incident to the production and collection of income and the management and conservation of property. The item of $57.21, is, in our opinion, a penalty, New York v. Jersawit, 263 U.S. 493, 68 L. Ed. 405, 44 S. Ct. 167, and as such is not deductible. Cf. Regs. 103, sec. 19.23(a)-1.