## In re ASHLAND EMERY & CORUNDUM CO.

### (District Court, D. Massachusetts. February 1, 1916.)

### No. 20611.

1. BANKRUPTCY ☞346—PAYMENT OF CLAIMS—PRIORITY—TAXES.

   Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1913, § 9648), providing that the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, etc., in advance of the payment of dividends to creditors, taxes are placed in a class by themselves, and are not preferred claims, but stand ahead of preferred claims.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.]

2. BANKRUPTCY ☞346—PAYMENT OF CLAIMS—PRIORITY—TAXES.

   A state has the right to charge upon taxes not paid when due such interest as will make the payment, when received, equivalent to payment at the appointed time, and this interest is a part of the tax, and entitled to priority of payment under Bankr. Act, § 64a.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.]

3. BANKRUPTCY ☞346—PAYMENT OF CLAIMS—PRIORITY—TAXES—"INTEREST"—"PENALTY."

   "Interest" is ordinarily understood as a charge for the use of money or damages for its detention, while a "penalty," as applied to the non-payment of taxes when due, is the punishment imposed for failure to

make the payment on time; and while interest on taxes not paid when due is a part of the taxes, and entitled to priority of payment under Bankr. Act, § 64a, penalties are not a part of the taxes and are not entitled to such priority, especially where the estate was in course of administration during the entire period when they accrued.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.

For other definitions, see Words and Phrases, First and Second Series, Interest; Penalty.]

4. BANKRUPTCY ☞346—PAYMENT OF CLAIMS—PRIORITY—TAXES.

In determining whether a statute providing that if a tax remains unpaid after it becomes due it shall bear interest at the rate of 1 per cent. per month until paid imposes a penalty for nonpayment of the tax, or merely provides for interest on the tax, the fact that the statute calls the amount to be paid interest is not conclusive upon the bankruptcy court, and that court will examine and decide the question for itself.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.]

5. BANKRUPTCY ☞346—PAYMENT OF CLAIMS—PRIORITY—TAXES—"INTEREST" —"PENALTY."

3 Gen. St. N. J. 1895, p. 3339, § 261, provides, relative to the franchise tax assessed against corporations, that if the tax remains unpaid on the 1st day of July, after it becomes due, it shall thenceforth bear interest at the rate of 1 per cent. per month until paid. Under 3 Gen. St. 1895, p. 3704, § 7, the legal rate of interest is fixed at 6 per cent. per annum. *Held,* that 1 per cent. a month exceeds what is fairly required to make good the loss to the state from the delay in payment, and as to such excess above legal interest is not interest, but a penalty imposed for failure to pay promptly, and hence such excess is not entitled to priority of payment in bankruptcy, especially as this penalty becomes due, whether proceedings are instituted to collect the tax and expenses thereby incurred or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ☞346.]

In Bankruptcy. In the matter of the Ashland Emery & Corundum Company, bankrupt. On review of order of the referee disallowing a claim. Order reversed, and claim allowed in part.

Reginald H. Johnson, of Boston, Mass., for trustee.
Francis H. McGee, of Trenton, N. J., for creditor.

MORTON, District Judge. This certificate from Mr. Referee Warner presents the following case:

The Ashland Emery & Corundum Company is a New Jersey corporation, which became bankrupt on March 17, 1914. The state of New Jersey imposes upon corporations organized under its laws a yearly franchise tax, which is assessed as of January 1st, but not payable until the first Monday of June. The statute further provides:

" * * * If the tax of any company remains unpaid on the first day of July, after the same becomes due, the same shall thenceforth bear interest at the rate of one per centum for each month until paid." General Statutes of N. J. p. 3339. (Act of 1884, as amended in 1892.)

Under this law a tax amounting to $1,315.90 was duly assessed against the company, and, as all parties agree, became entitled to pay-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment as provided in Bankruptcy Act, § 64a. It was not paid, however, by the trustee until April 1, 1915. On that date the trustee paid the face of the tax. He refused to pay the sum of $118.43, added to the tax as interest under the New Jersey statute above quoted. It is this sum which forms the subject-matter of the present controversy; the state of New Jersey claiming to be entitled to it as part of the tax, and the trustee contending that it is not part of the tax, at least to such an extent as to be entitled to priority under the section referred to. The learned referee held that interest was not allowable, and disallowed the claim.

[1] Under section 64a taxes are placed in a class by themselves. They are not preferred claims against the estate; they stand ahead of preferred claims. If it be not the duty of the trustee to ascertain what they are and to pay them without any proof being made, it is clear that the court is bound to order him to pay them upon application therefor. What the act requires to be paid is "all taxes legally due and owing by the bankrupt" (section 64a); and under section 17 the bankrupt's liability for taxes not paid is not discharged.

[2] The state clearly has the right to charge upon taxes not paid when due such interest as will make the payment, when received, equivalent to payment at the appointed time. It seems to me that this interest is part of the tax and entitled to priority under the section in question; and it was so decided in Re Kallak (D. C.) 147 Fed. 276; 2 Remington on Bankruptcy, § 2144. The learned referee was of opinion that the decision in Sexton v. Dreyfus, 219 U. S. 339, 31 Sup. Ct. 256, 55 L. Ed. 244, that a secured creditor could not take interest after the filing of the petition, applied to this claim; but for the reasons above suggested and those referred to in Re Kallak, supra, I am unable to agree with that conclusion.

[3] If the charge here in controversy is to be regarded as interest, the trustee ought to pay it. Penalties, however, stand upon a different footing. It cannot be said that a penalty imposed for failure to pay a tax is a part of the original tax, in the sense that interest is. By "interest" is ordinarily understood a charge for the use of money or damages for the detention of it. A penalty, as applied to cases of this character, means a punishment imposed for failure to make the payment on time. Section 64a contains no provision for the payment of penalties; and I do not think it can fairly be construed to include them, especially when, as here, the estate was in course of administration during the entire period when they accrued. It does not seem just, nor to have been the intention of Congress, that out of a delay in paying the tax caused by the bankruptcy proceedings the state should make a profit or exact a penalty at the expense, for instance, of workmen employed by the bankrupt.

[4] The final question then is whether the 1 per cent. per month is interest on the tax, or a penalty for nonpayment of it. That it is called interest in the statute is not, of course, conclusive upon the bankruptcy court, which will examine and decide the question for itself. New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284.

[5] The test by which such determination is to be made in actions ex contractu is established.

"It may, we think, fairly be stated that, when a claimed disproportion has been asserted in actions at law, it has usually been an excessive disproportion between the stipulated sum and the possible damages resulting from a trivial breach *apparent on the face of the contract*, and the question of disproportion has been simply an element entering into the consideration of the question of what was the intent of the parties, whether bona fide to fix the damages or to stipulate the payment of an arbitrary sum as a penalty, by way of security." White, J., Sun Printing Association v. Moore, 183 U. S. 642, 672, 673, 22 Sup. Ct. 240, 252 (46 L. Ed. 366).

There may be doubt under New Jersey v. Anderson, supra, whether this court is restricted in determining the question under discussion to the face of the statute.

Assuming, however, that it is, it seems to me plain, and I accordingly find, that 1 per cent. a month exceeds what is fairly required to make good loss to the state from mere delay in payment of the tax, and as to such excess is not interest, but constitutes a penalty imposed for failure to pay promptly. The actual damages sustained by the state of New Jersey from the delay are not obscure nor difficult to estimate. What the state lost was the use of the money. Its damages therefor are the commonest form known to the law, and the most certain of estimation. They are established by statute in New Jersey for individuals at 6 per cent. per annum. Gen. Stats. of N. J. p. 3704. It is difficult to see how, as damages, they can be larger in the case of the state.

" * * * It is sufficient to say that all damages for delay in the payment of money owing upon contract are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure of all such damages." Waite, C. J., Loudon v. Taxing District, 104 U. S. 771, 774 (26 L. Ed. 923).

The sum here claimed is double the statutory interest and almost double the highest rate of interest which national banks are allowed to charge under United States statutes. Rev. Stats. U. S. § 5197 (Comp. St. 1913, § 9758). Nor is this imposition made for the purpose of reimbursing the state for expense incurred in collecting the tax. It becomes due regardless of whether proceedings are instituted or not. No proceedings appear to have been instituted in this case at the time when the demand for 1 per cent. a month was made by the state upon the trustee. In this respect the New Jersey statute differs from the corresponding statute in Massachusetts. Rev. Laws of Mass. c. 14, §§ 56, 66.

In Mason v. Callender, 2 Minn. 350 (Gil. 302), 72 Am. Dec. 102, it was held after careful consideration that the provision in a note, increasing the rate of interest upon default at maturity from 3 per cent. a month to 5 per cent. a month, was in the nature of a penalty and was unenforceable.

"The books abound with cases holding this view, and they universally declare the doctrine that where the stipulation is to pay a greater sum, on default of paying a lesser one, no form of words will change it from a penalty to liquidated damages. Such stipulations are by their nature and effect neces-

sarily comminatory, and to allow any arrangement of words to change that effect would be to permit the parties to override a well-fixed rule of law that the rate of interest shall be the measure of damages. The case at bar falls distinctly within this latter class; the stipulation is that, if the defendants fail to pay the principal sum of the note with interest on a certain day, they will pay that sum with increased rate of interest upon principal and interest, or in other words if they fail to pay the lesser sum as agreed they will pay a greater. The greater sum must be held to have been inserted in terrorem, and as a penalty. I am unable to find any authority that satisfies me of the propriety of abandoning this long and well established rule." Flandrau, J., Mason v. Callender, supra, 2 Minn. 369 (Gil. 322) 72 Am. Dec. 102.

The order of the referee disallowing the claim is reversed; the claim is allowed for interest at 6 per cent. on the face of the tax from July 1, 1914, when the tax became due, to April 1, 1915, when it was paid, the amount thereof being $59.22; the balance of the claim is disallowed.