(No. 12359.—Reversed in part.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
ABBIE O. BALDWIN, Appellee.

*Opinion filed February 20, 1919.*

1. INHERITANCE TAXES—*what questions may be determined by
county court on appeal from order assessing tax.*   Under section 23
of the Inheritance Tax act the county court has jurisdiction to en-
tertain a proceeding to determine the question of liability for an
inheritance tax, and on an appeal from an order of the county
judge assessing the tax the county court may determine both the
question of liability and the matter of the correct appraisal of the
property and assessment thereon.

2. SAME—*when lien for tax continues after five years under
section 24 of Inheritance Tax act.*   Section 24 of the Inheritance
Tax act limits the lien on the land for the tax to five years only
in case the property is sold, and where the person liable for the
tax continues to own the property at his death the lien for the
tax continues against the real estate until it is sold.

3. SAME—*meaning of word "purchaser," in section 24 of In-
heritance Tax act.*   The word "purchaser," in section 24 of the
Inheritance Tax act, is used in its ordinary sense and means one
who buys and pays a valuable consideration for property, and does
not include a devisee.

4. SAME—*section 24 of Inheritance Tax act does not release
personal liability for tax.*   Section 24 of the Inheritance Tax act
does not release the party liable for the tax after five years but
he remains personally liable for the tax thereafter if it is not paid
although he may have sold the real estate.

5. SAME—*interest provided in section 3 of Inheritance Tax act
is not a penalty.*   The interest provided for in section 3 of the
Inheritance Tax act on taxes remaining unpaid is not in the nature
of a penalty but is a mere measure of compensation to the State
for the loss of the use of the money.

6. SAME—*county court cannot remit interest in inheritance tax
proceeding.*   Section 3 of the Inheritance Tax act, providing that
interest shall be paid unless the tax is paid within the first six
months from the date of the death, is positive and self-executing,
and the county court, on an appeal from the order of the county
judge assessing the tax, cannot remit the interest in the absence
of authority given by statute.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, and LEROY MILLNER, (HENRY F. HAWKINS, and FLOYD E. BRITTON, of counsel,) for appellant.

· CASTLE, WILLIAMS, LONG & CASTLE, (HOWARD P. CASTLE, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Mary E. Gardiner Baldwin died testate on October 28, 1902, at Plainfield, Union county, New Jersey, seized of sub-lot 7 of lot 1, block 34, in the original town of Chicago, also known as No. 178 North Clark street, Chicago. It was occupied by the C. H. Hanson Company as a tenant. By her last will and testament the testatrix devised said real estate to her son, Hugh G. Baldwin. Baldwin by his last will and testament devised said real estate to his wife, Abbie O. Baldwin, and died seized thereof at the place of his residence, Henderson, Rusk county, Texas, on July 4, 1910. His will was admitted to probate in Rusk county, Texas, July 11, 1910. An order was entered June 12, 1914, by the county judge of Cook county approving the appraisement of said property and assessing an inheritance tax against the succession of Abbie O. Baldwin to the property at the sum of $959.20. The tax, with interest thereon at six per cent from July 4, 1910, amounting to $1194.20, was paid to the county treasurer of Cook county. There was no appeal from the order assessing said tax and no question is made on this appeal concerning the assessment. On October 10, 1910, the will of the testatrix, Mary E. Gardiner Baldwin, was admitted to probate by the probate court of Cook county and letters of administration with the will annexed were issued to Franz W. Castle, as such adminis-

trator, by said court. On November 21, 1914, an inheritance tax appraiser was appointed by the county judge of Cook county to appraise the property and to fix an inheritance tax. An order was entered on the appraisement by the county judge of Cook county on June 30, 1915, assessing a tax against the succession of Hugh G. Baldwin to said real estate at the sum of $453.13. An appeal from that order was taken to the county court of Cook county by Abbie O. Baldwin, widow and sole beneficiary under the will of Hugh G. Baldwin, deceased. On April 17, 1918, the county court of Cook county entered a final order in the appeal confirming the assessment of the tax of $453.13, but found and ruled that it was inequitable to allow interest thereon from October 28, 1902, the date of the death of Mary E. Gardiner Baldwin, and entered a further order that the tax should only bear interest from July 4, 1910, the date of the death of Hugh G. Baldwin. From that order,—that no interest be collected on said tax from October 28, 1902, to July 4, 1910,—the State of Illinois has prosecuted an appeal to this court.

Cross-errors have been assigned by appellee, Abbie O. Baldwin, and she contends here, as she did in the county court, that the State's right to sue for and to collect the tax is barred by lapse of time by the provisions of section 24 of our Inheritance Tax act, (Hurd's Stat. 1917, p. 2507,) and that for that reason the county court was without jurisdiction to assess any tax against the succession of Hugh G. Baldwin.

It is true, as contended by appellant, that, strictly speaking, the only question involved before the county court in this appeal is the matter of the correct appraisal of the property and the assessment of the inheritance tax, and is not a proceeding in which to determine the question whether or not the lien against the property was lost by lapse of time or otherwise. However, the county court has jurisdiction, under section 23 of the Inheritance Tax act, to en-

tertain a proceeding to determine the question of liability for an inheritance tax. This question was presented by appellee at the time the appeal in question was considered, and without objection on the part of appellant, so far as the record shows. We think the court might very properly determine both questions at the time the matters involved in the appeal were settled.

The provisions of section 24 are as follows: "The lien of the collateral inheritance tax shall continue until the said tax is settled and satisfied: *Provided,* that said lien shall be limited to the property chargeable therewith: *And, provided, further,* that all inheritance taxes shall be sued for within five years after they are due and legally demandable, otherwise they shall be presumed to be paid and cease to be a lien as against any purchaser of real estate."

It will be observed that the statute is positive that the lien for the tax shall continue until it is settled and satisfied. By the subsequent provision of the section the lien of the State only ceases or terminates at the end of five years in case the property comes into the hands of a purchaser. There is no limitation as to the lien so long as the real estate continues to be the property of the one liable for the tax until the tax is fully paid. The lien still continues after the death of the owner or the party liable for the tax unless his heirs or devisees are to be treated as purchasers within the meaning of this statute. A careful consideration of the language of this section convinces us that the word "purchaser" was intended by the legislature to mean a purchaser in the ordinary meaning of that word,—*i. e.,* one who buys and pays a valuable consideration for the property. The section does not release the party liable for the tax after the lapse of five years, but he remains liable for the tax thereafter if the tax is not paid, although he may have sold the real estate. In such a case the land is discharged from the lien, and hence there is no liability for the tax against the purchaser. The estate of the one liable

for the tax would in such case have to pay the same if not paid in the lifetime of the party liable. Where the party liable for the tax has not paid the same within the five years, as in this case, the lien for the tax still continues after his death against the real estate and in favor of the State. A similar holding was made as to a statute almost identical with the above section by the Supreme Court of Pennsylvania in the case of *In re Cullen's Estate,* 142 Pa. St. 18, and which holding was approved by this court in *Hanberg* v. *Morgan,* 263 Ill. 616.

By the provisions of section 3 of our Inheritance Tax act all taxes imposed by that act shall be due and payable at the death of the decedent, and interest at the rate of six per cent per annum shall be charged and collected thereon for such time as the taxes are unpaid unless the same are paid within six months from the accruing thereof, in which case a discount of five per cent shall be allowed and deducted from the tax. The interest above provided for is not in the nature of a penalty, but is a mere measure of compensation to the State fixed by the legislature for the loss of the use of the money. The allowance of the five per cent discount if paid within six months is apparently a mere inducement to the prompt payment of the tax. The statute is positive that interest must be paid unless paid within the first six months. It is self-executing, and an inheritance tax, after it is assessed, draws six percentum interest, as aforesaid, by reason of the provisions of the statute, just the same as will a judgment for money rendered by any court of record. This would be so whether the county court made any provision in its order with reference to the paying of interest or failed in its order to make such a provision. The statute nowhere gives the county court any power or right to remit any part of the interest provided by the statute. In the absence of such a provision giving the court a right to remit interest it has no power to do so, whether the statute be regarded as one im-

posing a penalty or otherwise. Under such positive provision of the statute, even where it is imposed by way of a penalty, the court cannot remit the same in the absence of authority given by the statute. *In re Fayerweather,* 143 N. Y. 114.

The judgment of the county court confirming the appraisement and assessment of the inheritance tax is affirmed but the order of the court remitting interest as aforesaid is reversed.                                  *Judgment reversed in part.*