### In re 168 ADAMS BUILDING CORPORATION.

#### No. 56775.

District Court, N. D. Illinois, E. D.

March 14, 1939.

Dwight S. Bobb, Arthur J. Hughes, Charles S. Macaulay, and Herman C. Nagel, all of Chicago, Ill., for appellant.

Thomas J. Courtney, of Chicago, Ill., for appellee.

EVANS, Acting District Judge.

The debtor is an Illinois corporation whose business was to operate a building located at 168 West Adams Street, Chicago, Illinois, which it owned. The building was erected by certain irresponsible promoters on borrowed moneys in the late '20s.

After the crash of 1929, the promoters abandoned the enterprise, permitted the forfeiture of the corporate charter, and took no steps to protect those who held bonds under the first and second mortgages or who had liens, judgments, or other claims against the property.

A suit to foreclose the mortgage in the state court was instituted and bitterly contested with the result that the mortgage was upheld and the foreclosure decree sustained. While such suit was pending the state court appointed a receiver.

Subsequently proceedings were begun in this court pursuant to section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. This proceeding under section 77B has reached the stage where a plan of reorganization has received the endorsement of all creditors and stockholders and has been approved by the court.

Neither the receiver nor the trustee in bankruptcy has been able to operate the business at a profit due to the large and allegedly excessive taxes annually assessed against the property. These taxes have been accumulating until at the present time they aggregate about $500,000. Under the reorganization plan referred to, the bondholders under both mortgages and the creditors have surrendered their creditor claims and status and have accepted stock in a new company. The amount of the indebtedness surrendered is approximately five million dollars. The value of the property is about one million dollars. · The issue in the present hearing is over the amount and validity of claimant's claim based on unpaid taxes.

The building was unfortunately built by promoters who had no thought of protecting the creditors. Club rooms were built on the lower five floors of the building while the floors above are used for offices. The building is well situated in the city of Chicago, but is not so fortunately situated for club purposes. Moreover, the said five lower floors are so built and so positioned that they can not be successfully operated, and without revenue from said first five floors, it has been and is impossible to secure sufficient income to pay operating expenses plus taxes. In fact, none of the taxes have been paid, except the trustee, when he accumulated any moneys, paid the same on account.

The claim is for general taxes for the years 1928 to 1937, inclusive. The objection is that the taxes are based upon assessments which are so excessive as to be fraudulent in fact and in law. I am asked to hear the evidence bearing upon this issue.

The court, being in doubt as to its power to reduce or disallow a claim filed by a municipality for general taxes which are based on an assessment made pursuant to law and which are attacked solely because the assessment is excessive, asked for briefs and arguments on this question before hearing evidence on the excessiveness of the assessment of debtor's property.

Having now heard counsel and read their briefs, I am forced reluctantly to the conclusion that the court is without authority in this proceeding to disallow or reduce the claim for the reason assigned. In other words, a court of bankruptcy may not review the assessments of this property duly made by the proper authorities, even though, as claimed, the said assessments are grossly excessive.

The authority of a court of bankruptcy may be different so far as passing on a claim for interest and penalties is concerned.

In view of the importance of the question and the desirability of a correct and final decision of the matter, I will direct the at-

torneys for the trustee to seek a review of this decision. The question ought to be decided for this circuit, and that may only be done by presenting it squarely to the Circuit Court of Appeals.

The decisions which have thus far dealt with the question, disclose a sharp contrariety of opinion. Such conflict exists in this, the District Court of the Northern District of Illinois, Eastern Division. There are two decisions—one entitled In re Schach, reported in 17 F.Supp. 437, decided December 4, 1936; the other, In re Kengyle Building Corporation, decided October 14, 1938 (unreported). Both cases were before the same judge, although preliminarily before different referees.

In the first case it was held that a court of bankruptcy was powerless to reappraise values of property and reduce the claim for taxes because of excessive assessments. The second holds just the opposite. It approves the report of a master which reduced a tax because the assessment was excessive. I have found no other case passing on the question in this district. In the first case Judge Holly filed a written opinion. In the latter, he approved a report by a master which discussed the powers of a court of bankruptcy and arrived at a conclusion just the opposite from the previously-announced opinion of the judge. In this master's report no reference is made to the earlier decision in the Schach case, supra, nor to the opinion in the Gould case, infra.

While I would ordinarily accept the holding of another judge in this district and also accept the last opinion of a court where there is an irreconcilable conflict between an earlier and a later opinion by the same court, I am not convinced that in the situation before me Judge Holly intended to overrule his previously-announced opinion.

With two decisions in this district in hopeless conflict, our search must be wider. In this circuit, a decision by Judge Geiger in Re Gould Mfg. Co., D.C., 11 F.Supp. 644, 647, is in point. The opinion is thorough and impressive. The conclusion may be expressed in language taken from the opinion: "I believe it may be said, broadly speaking, that taxes—except when challenged for illegality because of a want of power to levy, or in respect of a failure to pursue indispensable steps of procedure in assessing or levying—are incontestable."

In a still wider field we find two decisions which I am unable to reconcile. The Circuit Court of Appeals for the First Circuit, in Re Hotel Charles Co. v. City of Springfield, 84 F.2d 589, reached the conclusion that a court of bankruptcy in a section 77B proceeding has no authority to reassess the property and could not reduce claims for taxes because of fraudulently excessive assessments. It is interesting to note that the court in this case placed its decision, not upon the ground which Judge Geiger chose, but on the ground that under section 77B no such power is granted. It recognized the power of a court of bankruptcy under the Act of 1898, 11 U.S.C.A. § 1 et seq., to reduce or disallow claims for taxes based on excessive assessments.

The other Circuit Court of Appeals decision is that of the City of Detroit v. Detroit & Canada Tunnel Co., 6 Cir., 92 F.2d 833. The court in this case, affirming the District Court, held squarely that the court in a proceeding of this kind brought under section 77B, may disallow or reduce a claim for taxes predicated on an excessive assessment.

Agreeing as I do with the reasons and conclusions expressed by Judge Geiger in the Gould case, I must hold that objections to a claim for taxes based upon excessive assessments are not well taken.

As to interest, penalties, costs, etc., which have accrued and which I am informed are large, they should be reduced to five per cent interest upon all unpaid taxes from the date their payment was lawfully and properly demanded.

This ruling is on the ground that complainant has come into this court for the allowance, protection, and enforcement of its claim. The legal rate of interest in Illinois is five per cent.

I am also convinced and do find that the failure to pay the taxes has not been wilful, but is due to debtor's inability to obtain revenue from the property sufficient to pay the taxes. Another reason for failure to pay all the taxes is due to the fact that the property is assessed at a sum so high that taxes thereon can not be paid from revenue of debtor, which has no other property out of which it can make tax payments.

It seems to me that the part of the claim which is for penalties or for excessive interest is vulnerable to objection, even though the tax itself may be immune from such attack. Title 11, U.S.C.A. § 93(j); Ill.Stats. Chap. 120, Sec. 165; New York v.

Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L. Ed. 405; In re Clark Realty Co., 7 Cir., 253 F. 938.

The conclusions which I have reached may be briefly stated:

1. The court of bankruptcy is without authority to reject or reduce a claim filed by a subdivision of a state (a county or city) for unpaid taxes based upon an assessment duly made by the proper municipal officer, solely on the ground that the assessment of value is excessive.

2. Under section 64a of the Bankruptcy Act, 11 U.S.C.A. § 104(a), the court may receive proof and determine whether the taxing officers have acted beyond their jurisdiction or failed to take certain necessary steps prescribed and examine proof to ascertain whether the taxes levied correspond with the claim presented. The court may also ascertain whether any part of said tax has been paid and determine how much interest is due or should be allowed.

3. Sec. 64a does not authorize the court of bankruptcy to review the factual reasonableness of an assessment duly and timely made by the assessing officer.

4. While the authority granted under section 64a is not included in the amendment to the Act authorizing reorganizations of debtor corporations (Sec. 77B), I am convinced that the court would have of necessity, and by implication, the same authority to pass upon similar tax claims. In other words, the same general equity power exists, whether the debtor be in bankruptcy for reorganization or for liquidation.

In conclusion I might say, the facts in the instant case cry loudly for relief. Notwithstanding a desire so to do, courts must recognize not only the limits of their jurisdiction, but the futility of reviewing assessments made by local officials who in the performance of difficult duties are benefited by factual information not so fully and adequately obtainable by a court of bankruptcy. There are practical reasons which were pointed out in a case quite different in fact (Giles v. Harris, 189 U.S. 475, 23 S.Ct. 639, 47 L.Ed. 909) why we must leave certain questions solely to the determination of local officials, created to settle them. To illustrate: This court can not review questions settled by a state court of competent jurisdiction. The doctrine of res judicata forbids. The reasons back of the rule of res judicata call for our recognition of official action by a quasi-judicial or quasi-administrative local political officer like an assessor, who, fully following the statutes which prescribe his duties, determines the value of the property within his district and officially makes the assessment of value thereon.

This does not mean that the action of the local board of assessors of Cook County may forever ignore the justice of the trustee's request for remission of a part of debtor's taxes. I refer not to the existence of the legal remedy, but to the persuasive force of the justice, the merits of the taxpayer's appeal.

Undoubtedly the assessment of real estate in a city like Chicago is most perplexing. Exact justice is quite impossible. But the debtor herein has only one business, namely, operating an office building. When its revenues fail by $30,000 a year to pay the taxes assessed against it, there can be but one outcome for its owners. In truth and in fact the assessor is demonstrating the truth of the age-old observation, "The power to tax includes the power to destroy."

This was never meant to apply to business generally. It should be limited in its application to industries which are subject to regulation—to businesses like the liquor business, which have possible evils attending their transaction. As Justice Holmes said in Panhandle Oil Co. v. State ex rel. Knox, 277 U.S. 218, 223, 48 S.Ct. 451, 453, 72 L.Ed. 857, 56 A.L.R. 583, "The power to tax is not the power to destroy while this Court sits."

I suggest that the trustee again appeal to the assessor and restate his position.

If specific relief be unobtainable and the debtor be put to death by its taxes, there exists but one alternative—to await until the evils consequent upon such action so impair the credit of Chicago real estate outside the state or city that political action changing the situation will follow the swelling demand of property owners.

The objections to claimant's claim based on the asserted over-assessment of debtor's property must be and they are overruled. The claim will be allowed with simple interest at five per cent from the date when demand for its payment was duly made.