**In re DENVER & R. G. W. R. CO.**

**No. 8669.**

District Court, D. Colorado.

June 9, 1939.

Byron G. Rogers, Atty. Gen., of Colorado, and Elmer P. Cogburn, Asst. Atty. Gen., of Colorado, for Charles M. Armstrong, State Treasurer.

T. R. Woodrow, of Denver, Colo., for Trustees of Denver & R. G. W. R. Co.

SYMES, District Judge.

The question presented for decision arises from the following factual situation: On February 8, 1939, the Trustees of the debtor paid to the State Treasurer $17,943.54, the accumulated use tax on purchases made by the Trustees up to January 1, 1939. The Act (section 39, c. 230, Laws Colo.1937, p. 1101):

"Section 39. Any tax due and unpaid under this article shall be a debt to the

state, and shall draw interest at the rate of two (2) per cent per month from the time when due until paid. The state treasurer may recover at law the amount of such tax and interest in a suit instituted by the attorney general in the name of the state; and this remedy shall be in addition to all other remedies."

In addition they paid $960 interest at 6%—the legal rate in Colorado. The State Treasurer demands $2,649.17 additional, being the interest, so-called, at 2% per month, "from the time when due until paid." See statute, supra. The Trustees refuse, relying upon § 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j), forbidding allowance of "Debts owing * * * a State * * * as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

The Federal courts have held that this section applies to penalties imposed for non-payment of taxes, United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299; New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405; Dayton v. Stanard, Treasurer of Pueblo County, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190; and likewise to reorganization proceedings under section 77, 11 U.S.C.A. § 205. This because reorganization is a bankruptcy proceeding and the one branch of Federal jurisdiction that is all-embracing and exclusive. Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110. Is the provision for 2% per month interest on any tax past due under § 39, supra, a penalty or interest?

■ Unfortunately the terms penalties, forfeitures, interest are too often used interchangeably to permit decision solely on the choice of terms made by the draftsman of the Act. 25 C.J. 1178, describes a penalty as a sum of money which the law exacts by way of punishment for doing something that is prohibited or omitting something that is required to be done. That it involves the idea of punishment, either corporal or pecuniary. Elsewhere the same authority, 61 C.J. 1516, § 2220, states interest charged on a delinquent tax by statute is not regarded as interest in the sense that it is a consideration for the forbearance of money, but is deemed to be a penalty, and is not a part of the tax, but pertains to the remedy employed to compel payment. And (p. 1484, same volume, § 2110), additional amounts required of delinquent taxpayers are discussed as penalties. See also p. 1482, § 2105.

■ A leading case is United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299. The difference between penalty and interest is pointed out in 266 U.S. at page 307, 45 S.Ct. at page 111, 69 L.Ed. 299: "A penalty is a means of punishment; interest a means of compensation." There the Court considered an income tax provision adding 5% to delinquent income taxes, plus interest at the rate of 1% a month from the time the tax became due. The Government admitted the 5% was a penalty.' The Court held that the additional 1% per month was compensatory and so collectible in bankruptcy. The Court approved its previous holding in the Jersawit case, supra. There, under a state law, 10% was added to a tax if not paid when due, plus 1% for each month it remained unpaid. This was held to be a penalty.

"As the one per centum is more than the value of the use of the money and is added by the statute to the ten to make a single sum it must be treated as part of one corpus and must fall with that." [263 U.S. 493, 44 S.Ct. 168.]

■ It is important to note that § 57j, in addition to the debt, allows only the pecuniary loss sustained by the state as a result of the failure to pay the tax on time, plus such interest as may have accrued according to law. Legal interest in Colorado is 6%. No showing of any loss sustained by the state is made, other than interest from the date payment was due. Money, especially in these days, is not worth 2% a month and the money would not have drawn 2% a year had it been on deposit in a bank. See also In re 168 Adams Building Corporation, D.C., 27 F.Supp. 247.

■ We think the intent of the legislature as manifested by this provision was to force payment of the tax when due.

The petition is denied.