## UNEMPLOYMENT RESERVES COMMISSION OF CALIFORNIA v. MEILINK.

### No. 9501.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1940.

Rehearing Denied March 10, 1941.

Earl Warren, Atty. Gen., State of California, and John J. Dailey, Deputy Atty. Gen. (Maurice P. McCaffrey and Glenn V. Walls, both of Sacramento, Cal., of counsel), for appellant.

Dinkelspiel & Dinkelspiel and Grant H. Wren, all of San Francisco, Cal. (James M. Conners, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the bankruptcy court denying a claim for a portion of the interest included in the appellant's claim for taxes or "contributions" to unemployment reserves and for interest thereon due to it as an agency of the state of California. The amount of the "contribution" by the appellant was $822.40 in 1937. The trustee paid $936.35, principal and interest, on February 13, 1939. The amount of unpaid interest (5 per cent) was $156. The trustee filed objections to the claim of priority for the balance of the unpaid interest (6 per cent) which he objected to on the ground that it constituted a penalty within the meaning of § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, prohibiting approval of claims of states for penalties in greater amounts than the loss incurred by the debtor's default. [1] The referee in bankruptcy sustained the objection of the trustee as to 5 per cent but allowed 1 per cent additional, making the total allowance of 7 per cent on said overdue "contributions", or taxes. The District Court affirmed the order of the referee and this court allowed the appeal, the amount of interest involved being less than $500. 11 U.S.C.A. § 47, sub. a, 52 Stats. p. 854, ch. 575, § 1.

The California statute fixing the tax, or "contribution" (Cal.Stats.1935, ch. 352, p. 1234, § 45; Deerings General Laws of 1937,

[1] Sec. 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

Act 8780d, § 45) provides for the payment of interest thereon as follows:

"If any employer fails to make any payment required of him, or fails to deduct and pay to the commission the contributions of his workers, in accordance with the provisions of this act and of the rules and regulations adopted by the commission, he shall become additionally liable for interest on such payments at the rate of twelve per cent per annum from the date such payment becomes due, both principal and interest being payable in the same manner as the contributions. Such payment and interest shall be collectible in the name of the commission in any manner practicable, including civil action by the commission against the defaulting employer."

■ There is no justification on the face of the California statute for treating the 12 per cent as anything other than interest. It is so characterized in the statute and the amount payable depends upon the lapse of time between the accrual of the obligation and its payment, which lies wholly in the control of the taxpayer. The Supreme Court, in the case of United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299, had occasion to construe the provisions of the Bankruptcy Act (§ 57, sub. j, 11 U.S. C.A. § 93, sub. j) with reference to the allowance of interest upon income taxes which was claimed to be excessive and therefore a penalty. The United States statute imposing the income tax (Sec. 14 (a) T.I., part II, Revenue Act 1916, 39 Stat. 772) there under consideration, provided that: "* * * after ten days' notice and demand thereof by the collector, there shall be added the sum of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due."

The government conceded that the 5 per cent charge was a penalty and, consequently, was not payable by the bankrupt's estate, but it urged its claim for the charge of 1 per cent per month as interest. The referee therein had held that the 1 per cent per month interest, as well as the 5 per cent charge was a penalty and, therefore, was not a claim which could be allowed against the estate under the provisions of § 57, sub. j, of the Bankruptcy Act. He allowed 6 per cent interest only. The District Court and the Circuit Court of Appeals affirmed this order for the same reason, In re J. Menist & Co., 2 Cir., 290

F. 947, but the Supreme Court reversed its decision and held that the government was entitled to have its claim allowed for the 1 per cent per month designated as interest on the revenue law imposing the tax (§ 14(a), supra). In ruling upon the question the court said [266 U.S. 304, 45 S.Ct. 111, 69 L.Ed. 299]:

"A penalty is a means of punishment; interest a means of compensation. Bouvier defines it to be 'a consideration paid for the use of money or forbearance in demanding it when due.' [1 Bouv.Law Dict., Rawle's Third Revision, p. 1642.] * * *

"The imposition of a tax is certainly a function of government and creates an obligation, and the power that creates the obligation can assign the measure of its delinquency—the detriment of delay in payment, and section 14 (a) has done so in this case, and explicitly done so. Five per centum penalty is the cost of delinquency, and interest upon the amount due at 1 per cent. per month—12 per cent. a year. There is no ambiguity in the declaration nor the distinction made. * * * The Circuit Court of Appeals considered that the 1 per cent. was involved, as well as being in effect penalty and not saved by its name, though it was imposed by the Legislature and within the legislative power, and notwithstanding that taxes are treated as debts within the meaning of the Bankruptcy Act. * * *

"The Circuit Court of Appeals adjudged the tax in the present case a debt and assigned against it interest at 6 per cent.; the court considering that that interest was compensation for the delinquency, anything in excess becoming penalty and within the prohibition of section 57 [sub.] j. The court said: 'On the point at bar (1 per cent. interest, as the price of the delay being penalty) we are in accord with In re Ashland, etc., (D.C.) 229 F. 829, and hold that, there being no evidence of any injury or damage to the government by the withholding of this tax, except that which flows from the nonpayment of a just debt, anything in excess of the legal rate of interest is to be treated as a penalty and not allowed.'

"We are unable to concur. It makes the rate of interest that of a particular locality, differing with the locality—in New York, as said by the government, 6 per cent.; in the Middle West, 8 per cent.; and on the Pacific Coast, 10 per cent.—and abridges or controls a federal statute by a local law

or custom, and takes from it uniformity of operation. Besides, the federal statute is precise, and it is made peremptory by the distinction between 'penalty' and 'interest,' and if it may be conceded that the use of the latter word would not save it from condemnation if it were in effect the former, it cannot be conceded that 1 per cent. per month—12 per cent. a year—gives it that illegal effect, certainly not against legislative declaration that is within the legislative power, there being no ambiguity to resolve."

The Supreme Court also pointed out that its decision was not inconsistent with its prior decision in New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, relied upon by the appellee herein, in that the statute of New York there involved required the corporation to pay the tax plus 10 per cent thereof, plus 1 per cent per month "for each month the tax remains unpaid". It was there held that the monthly installments must be added to the 10 per cent penalty and must be treated as a part of one corpus and must fall with it. After pointing out these distinctions the court added: "The tax in this case is one on income; a burden imposed for the support of the government. Interest is put upon it and so denominated, distinguished from the 5 per cent. as penalty, clearly intended to compensate the delay in the payment of tax—the detriment of its nonpayment, to be continued during the time of its nonpayment—compensation, not punishment."

It will be observed that the reasons advanced by the Supreme Court in support of the 12 per cent as a charge of interest and not penalty were twofold: first, the matter lay within the legislative power of the government to fix a rate of interest to be charged upon delinquent taxes; and second, that to construe the Bankruptcy Act so as to permit this statutory rate to be ignored would result in the substitution of a rate which was dependent in each case upon the value of the use of money in the different localities. Both arguments apply with equal force to the 12 per cent interest charge fixed by the legislature of the state of California in the instant case. It is expressly stated to be a rate of interest to be charged and computed as such. To fix a rate of interest other than that fixed by law would be a departure from the legislative mandate in the sphere in which the legislature is supreme. It would also result in equality for not only might a different rate be fixed in different communities in California, but different rates might be fixed in the same community by different referees in bankruptcy or by the same referee if in his judgment the value of the use of money had fluctuated from time to time in the community in which he was exercising his judicial functions. This decision of the Supreme Court (United States v. Childs, supra) has been construed and applied by a number of the Circuit Courts of Appeals.

In the case of In re Semon, 80 F.2d 81, 82, the Second Circuit had occasion to pass upon the question of the right of the United States to recover 12 per cent as interest upon unpaid income taxes due the government of the United States from the bankrupt. It was sought by the trustee in bankruptcy to distinguish the question there involved from the prior decision of the Supreme Court in United States v. Childs, supra, by pointing out that under later amendments to the Revenue Act different and lesser rates of interest were fixed for other delinquencies. In reply the court pointed out that a similar argument might have been made in United States v. Childs, supra, because of the fact that the statute there under consideration, in dealing with estate taxes (§§ 204, 207, 39 Stats. 778, 779), provided for interest at varying rates, but the court said: "We are not persuaded that when Congress prescribes different rates of interest for different delinquencies in payment of taxes, the higher rate must necessarily be deemed to include a penalty. Since the higher rate is one within the legislative power to prescribe as interest (United States v. Childs, supra), it may well be argued that Congress regards the higher rate as the normal compensation for delay in payment under the circumstances where it obtains, although willing to accept a lesser compensation for delay under other circumstances. Impositions which were plainly penalties were set apart and dealt with in other sections, and in the sections prescribing interest, the imposition is explicitly declared to be such. This legislative declaration we do not think may be disregarded merely because different sections prescribe different rates." The court cited in support of its conclusion, among others, our decision in Hughson v. United States, 9 Cir., 59 F.2d 17, 19, which was noted for comparison.

In Re Beardsley & Wolcott Mfg. Co., 82 F.2d 239, 240, 104 A.L.R. 881, the Second Circuit Court of Appeals again considered

the provisions of § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, supra, which is made applicable to reorganization proceedings under § 77B (11 U.S.C.A. § 207, 48 Stats. 912, § 1), with reference to the allowance of interest under a statute of the state of Connecticut, which provided that: "The delinquent portion of any tax shall be subject to interest at the rate of three-fourths of one per cent for each month or fraction thereof which shall elapse from the time when it shall have become due and payable until the same shall be paid; * * *". § 380c of 1931-1933-1935 Supplement to Connecticut Statutes, pp. 145, 146. The court said: "But we are not concerned with the wisdom of the statute. The rates fixed under the taxation and police powers of the state were doubtless governed by mixed financial and social policies. The policies were matters for the Legislature, and if it declared any rate which was within the range fixed as compensation for the use of money by private agreement and denominated it 'interest,' we think there should be every presumption that it was such in fact."

The Circuit Court of Appeals for the Eighth Circuit, in Horn v. Boone County, Nebraska, 44 F.2d 920, upon the authority of United States v. Childs, supra, held that a statute of the state of Nebraska fixing an interest charge upon taxes was to be regarded as a charge for interest allowable in bankruptcy and not as a penalty to be disallowed. The Nebraska statute there involved provided that after delinquency such taxes "shall draw thereafter ten per cent per annum, which interest shall be collected the same as tax so due." The court held that inasmuch as Nebraska permitted private agreement to fix as high a rate as 10 per cent interest between private parties, the statute fixing 10 per cent interest upon taxes could not justly be characterized as a penalty. If this rule be applied in California it would follow that 12 per cent is not a penalty because the laws of California permit an even higher rate than 12 per cent per annum with reference to certain types of loans. (Stat.1919, Cal., LXXXIII; Sec. 22, Art. XX, Cal.Const.)

In Re Martin, 75 F.2d 618, 621, the Circuit Court of Appeals for the Seventh Circuit had under consideration a claim of the Director of Finance of the State of Illinois against a bankrupt's estate to recover from a bankrupt distributor of gasoline money which he had collected from the consumers of gasoline purchased from him on account of the tax thereon due from them. The court held that the claim was not one for taxes but for debts due by the bankrupt and was entitled to priority under the provisions of § 64, sub. b (7) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. b (7). The statute of the state of Illinois imposing the tax provided that interest at the rate of 1 per cent per month should be allowed as penalty for wilful delay in payment to the state of the tax collected. The court held that the matter of interest rates was within the power of the state legislature and said: "We find nothing in the record to indicate anything grossly excessive or inequitable in the interest fixed by the statute and carried into the judgment, and we are not at liberty to disturb its allowance." It does not appear from the opinion that the attention of the court was directed to the provisions of § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j. However, a reference to the briefs in the case shows that the appellant therein called the attention of the court to the provisions of § 57, sub. j of the Bankruptcy Act, supra, and argued that "under no theory should the penalties assessed by the state have been allowed as a part of the claim in this matter". The appellee claimed that although denominated a "penalty" in the statute it " * * * was imposed * * * to compensate the state on account of delay in payment of the tax", citing in support of that proposition People v. Baldwin, 287 Ill. 87, 122 N.E. 148, wherein, under a similar state statute, the State Supreme Court held the charge to be interest and not a penalty. The Circuit Court of Appeals, citing People v. Baldwin, supra, held that the charge of 1 per cent per month was interest. It did not expressly consider or rule upon the question of whether or not the interest might be so excessive as to constitute a penalty, as such a contention was not presented to it, but it did hold, in effect, that an interest rate of 12 per cent was within the power of the legislature and, consequently, allowable in bankruptcy notwithstanding the provisions of § 57, sub. j, supra, of the Bankruptcy Act.

The only decision by a Circuit Court of Appeals which is at variance with the cases we have discussed is by the Circuit Court of Appeals for the Third Circuit in Pressed Steel Car Co. of New Jersey, 100 F.2d 147, 153, which said, with reference to a claim of 1 per cent per month upon delinquent taxes: "We think that there is no doubt

that the interest rate of 1% per month for each month that the tax remains unpaid proposed to be levied by the statute * * * is a penalty." The court cited New York v. Jersawit, 263 U.S. 493, 496, 44 S.Ct. 167, 68 L.Ed. 405, supra, in support of its conclusion, but did not cite or mention the later decision of the Supreme Court in United States v. Childs, supra, in which New York v. Jersawit is explained and limited, nor did it cite the decisions of other Circuit Courts of Appeals above cited.

In view of the controlling decision by the Supreme Court (United States v. Childs, supra) it is unnecessary to cite or discuss a number of decisions of the District Courts cited to us in which it has been held that the provision for interest upon delinquent taxes imposed by the taxing statutes was a penalty within the meaning of § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, supra. [2]

The appellee cites a ruling of the Attorney General of the state referring to the charge in § 45, supra, as an "interest penalty". The letter was addressed to the appellant in reply to a question submitted to him as to whether the appellant had power to waive "interest charges" accruing under § 45, supra. The attention of the Attorney General was not directed to the provisions of § 57, sub. j of the Bankruptcy Act, supra.

We regard the letter as without significance in the construction of the Bankruptcy Act of § 45, supra.

The decision of the trial court is reversed with instructions to approve the claim for the entire balance of the amount of the interest at 12 per cent fixed by the state statute.

[2] In re Ashland Emery & Corundum Co., D.C., 229 F. 829, was overruled by the Supreme Court in United States v. Childs, supra. In Re Denver & Rio Grande W. R. Co., D.C., 27 F.Supp. 983, the court held 2 per cent. per month interest to be a penalty within the meaning of § 57, sub. j of the Bankruptcy Act, supra, and approved an allowance of 6 per cent. only, the statutory rate for interest.

Circuit Judge Evans sitting as District Court Judge in Re 168 Adams Building Corp., D.C., 27 F.Supp. 247, held that interest penalties and costs on a tax should be reduced to 5 per cent. interest in a reorganization proceeding citing as authority, New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, and

In re Clark Realty Co., 7 Cir., 253 F. 938; the point was not contested on appeal. In re 168 Adams Bldg. Corp., 7 Cir., 105 F.2d 704; cf. In re Martin, 7 Cir., supra; see, also, In re A. E. Fountain, 295 F. 873, from the United States District Court of New York, in effect overruled by later decisions of the Circuit Court of Appeals of the Second Circuit, supra. In Re Wells, D.C.Md., 4 F.Supp. 329, no claim was made for interest or penalties on taxes and what is said in reference thereto is obiter. In Powell v. Allan, 70 Cal.App. 663, 234 P. 339, it is said that interest on delinquent taxes is not interest but a penalty, citing Colby v. Medford, 85 Or. 485, 167 P. 487. The remark is obiter.