Tustin & Chandler, of Spokane, Wash., for plaintiff.

Lyle Keith, U. S. Dist. Atty., of Spokane, Wash., for defendant.

## PRIESS v. UNITED STATES.

### No. 192.

District Court, E. D. Washington, N. D.

Dec. 10, 1941.

SCHWELLENBACH, District Judge.

In this action plaintiff asks judgment for the amount of interest paid by him under protest on the deficiency assessments levied against him on his income taxes for the years 1936–1939 inclusive. The facts are not in dispute. In plaintiff's returns during each of these years he reported as income on his single premium life insurance annuities, with death benefit contract 3% of the consideration paid for the annuity part of the insurance policies. These returns were made in conformity with the interpretation placed upon the Statute by the Internal Revenue Bureau (General Counsel Memorandum 6395). Thereafter, on January 8, 1940, defendant, through its Internal Revenue Bureau, adopted a new interpretation of Section 22(b) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Code § 22(b) (2) (General Counsel Memorandum 21716). Under this interpretation it was held that such single premium life insurance annuities, with death benefit contracts, were not annuity contracts but contracts for the payment of the interest or earnings on a certain fund. Under the new interpretation, plaintiff's income for tax purposes during each of the years mentioned was substantially increased. Thereafter, a deficiency assessment was imposed, 26 U.S.C.A. Int.Rev.Code, § 271. Included in such deficiency as a part of the tax was interest at the rate of 6% per annum from the date prescribed for the payment of the tax to the date the deficiency was assessed. 26 U.S.C.A. Int.Rev.Code, § 292. Plaintiff paid the principal of the deficiency without objection but he paid the interest portion of the deficiency under protest and this action is to compel the refunding of such interest.

90

It is conceded that, in making his returns and in paying his taxes during the period mentioned, plaintiff complied fully with the requirements of the defendant and the defendant's interpretation of the Statute. Plaintiff's theory in this case is that, as to him, the collection of interest constituted a penalty. He makes this contention on the basis that he neither borrows nor lends money. He has retired from business. All of his funds are invested. He spends his income for personal living expenses, traveling expenses and donations to charity. He, therefore, argues that the retention of the money which he should have paid during each of the involved years was of no value to him and that, therefore, he should not be penalized by being compelled to pay for the use of it since he was without fault.

To this contention, defendant answers that this Court has no authority to render judgment on recovery of either taxes or interest collected in pursuance of an Act of Congress enacted in pursuance of its constitutional authority. Jackson Furniture Company v. McLaughlin, 9 Cir., 85 F.2d 606; United States v. Globe Indemnity Company, 2 Cir., 94 F.2d 576.

To my mind, this is a complete answer. The Statute is plain and unambiguous. It reads: "Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * *." 26 U.S.C.A. Int.Rev.Code § 292.

Clearly, in the light of the Statute and the ruling of the Circuit Court of Appeals of the Ninth Circuit, Jackson Furniture Company v. McLaughlin, supra, it does not lie within my power to undo the action of the Commissioner in which he was following the plain, simple mandate of the Statute.

However, plaintiff makes a forceful and an appealing argument on the basis that he is being penalized when he was in fact innocent of wrongdoing. So forcible and so appealing is plaintiff's argument that I feel constrained to examine closely the question as to whether this is a penalty.

It is evident that the Congress, in providing interest on deficiency assessments, did not consider such interest to be a penalty. This is shown by the fact that, in two separate sections of the Act apart from the interest on deficiency section, the Congress provided for penalties. In 26 U.S.C.A. Int.Rev.Code § 291, there is provided the penalty for failure to file a return. In 26 U.S.C.A. Int.Rev.Code § 293, there are provided penalties for deficiencies due to negligence or intentional disregard of rules and regulations and for deficiencies due to fraud with intent to evade the tax. The legislative intent to distinguish between penalty and interest is clear.

Plaintiff, in his brief, states that he has been unable to find any cases dealing directly with this question. There are a number of cases which, on careful analysis, will be seen to deal with precisely the same question raised by the plaintiff here. These are cases involving the bankruptcy statute, 11 U.S.C.A. § 93, subd j, which prohibits the allowance of debts to the United States or any state or subdivision thereof as a penalty or forfeiture. These cases involved the question of interest provisions in taxing statutes where the rate of interest was in excess of the legal rate allowed by the statutes of the state where the taxpayer lived. It was the contention in those cases that, since the legislature of the state had determined that money in that particular state was worth only a certain percent of interest for its use, that any taxing statute which required the payment of more than the statutory interest rate was not interest but was a penalty and, therefore, not allowable as a credit in the bankruptcy court. We should remember, at this point, that plaintiff contends that the use of the money was of no value to him and, therefore any charge for its use should be classed not as interest but as a penalty. Keeping this argument in mind, the pertinency of the bankruptcy cases is apparent. A number of the District Courts have upheld plaintiff's contention and have reduced the allowances to the amount of the statutory interest rate. In re Ashland Emery & Corundum Co., D.C., 229 F. 829; In re Denver & R. G. W. R. Co., D.C., 27 F.Supp. 983; In re 168 Adams Building Corporation, D.C., 27 F.Supp. 247.

However, in the case of Unemployment Reserves Commission of California v. Meilink, 116 F.2d 330, the Circuit Court of Appeals for the Ninth Circuit just a year

ago passed upon this question fully and squarely. It based its decision on the decision of the Supreme Court of the United States in the case of United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 111, 69 L.Ed. 299. It quotes at length from the opinion in the Childs case. Included in such quotations are the following:

"Besides, the federal statute is precise, and it is made peremptory by the distinction between 'penalty' and 'interest,' and if it may be conceded that the use of the latter word would not save it from condemnation if it were in effect the former, it cannot be conceded that 1 per cent. per month—12 per cent. a year—gives it that illegal effect, certainly not against legislative declaration that is within the legislative power, there being no ambiguity to resolve. * * * The tax in this case is one on income; a burden imposed for the support of the government. Interest is put upon it and so denominated, distinguished from the 5 per cent. as penalty, clearly intended to compensate the delay in payment of the tax—the detriment of its nonpayment, to be continued during the time of its nonpayment—compensation, not punishment."

In his very carefully considered opinion in the Unemployment Reserve Commission case, Judge Wilbur reviews the decisions on the question in the various circuit courts of appeals and points out that only one circuit is at variance with the rule enunciated in United States v. Childs, supra. There can be no doubt but that the decision in this case must be controlled by the decision of the Supreme Court in United States v. Childs, supra, and of the Circuit Court of Appeals in Unemployment Reserves Commission of California v. Meilink, supra.

In the conclusion of his brief, plaintiff appeals strongly upon the basis of justice and fairness and, in effect, asks me to disregard the provision of the Statute. The answer to that argument is that if assessment of interest charge against this plaintiff is unfair, it is because he occupies a position which is occupied by such a small percentage of our population that Congress could not be expected to legislate specially for them. The number of persons in plaintiff's position for whom the use of money is of no value is negligible. Furthermore, the point which plaintiff overlooks is that interest is charged not only because of the value to the one who uses it but also as compensation to the one who has been deprived of the use of it.

The action must be dismissed.